LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP INT. Limited, a foreign corporation, d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation, d/b/a METART d/b/a SEXART,<br><br>                                  Plaintiffs,<br>vs.<br><br>Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN LTD., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services Inc., a Canadian Company, individually and d/b/a Porn.com; David Koonar, an individual; *et. al.*,<br><br>                                  Defendants. | Case No. **CV-16-1494-PHX-DKD**<br><br>**PLAINTIFFS'** *EX PARTE* **MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS** |

Plaintiffs Hydentra HLP Int. Limited and Hydentra, L.P. HLP General Partner, Inc. ("Hydentra" or "Plaintiffs") hereby respectfully ask this Court to grant leave for alternative service on Defendants Sagan, Ltd., MXN, Ltd. (now known as "Cyberweb"), Netmedia Services, Inc., and David Koonar for these express reasons:

   1.   The Defendants have Actual Notice of this lawsuit and have been engaged in settlement discussions with Plaintiffs' counsel; but

   2.   Defense counsel refuses to accept service for her Clients; and

3. Although Service of Process has been sent through the Hague, service has not yet been successful.

*See*, **Exhibit A** (Declaration of Spencer D. Freeman), **Exhibit B** (Declaration of Veronica L. Manolio), both incorporated here by this reference.

There is no need to waste further time or resources when the Defendants have actual knowledge of this lawsuit but just simply refuse to cooperate or accept service. This motion is titled as "ex parte" because no party has yet appeared or been served.

## I.   INTRODUCTION AND FACTUAL BACKGROUND

### A.   Defendants Have Adequate Notice of this Proceeding.

Defendants Sagan, Ltd., MXN, Ltd. (now known as "Cyberweb, Ltd."), NetMedia Services, Inc., and David Koonar are all inter-related and/or closely related parties that are represented by singular counsel. *See*, **Exhibit A**; *see also, e.g.*, Order by Judge Campbell (explaining the inter-relationships of the Porn.com entities) attached here as **Exhibit C**, incorporated by this reference. Maybe more importantly, these Defendants have filed a lawsuit elsewhere (unrelated to Plaintiffs) and admit the relationships among them:

1. Cyberweb (MXN LTD.) owns and operates www.Porn.com.

2. NetMedia, Inc. has an agreement with Cyberweb, Ltd. for "maintenance and operation of" Cyberweb's websites, including www.Porn.com;

3. "Cyberweb Ltd. [MXN, LTD.], Netmedia Services, Inc., and Sagan Ltd." **all** "derive benefits from" one another;

4. Sagan, Ltd. provides services to and for the benefit of Cyberweb (MXN, LTD.); and

5. Each Cyberweb/MXN, Sagan, NetMedia, and Traffic Force, wish to benefit from a written Agreement related to www.Porn.com.

*See*, **Exhibit D** attached here and incorporated by this reference.

Based on these facts, it is clear that the Defendants are all "linked" and all work closely together. Moreover, based on the sworn Declarations of Counsel, it is clear that all of the Defendants are represented by Erica Van Loon of Glaser Weil, and this counsel has engaged in actual settlement discussions related to **this case**. *See*, **Exhibit A**. Defendants have to have "Notice" of a lawsuit in order to discuss settling it.

### B. Defendants Refuse to Accept Service and Intend to Increase Costs.

Plaintiffs' counsel respectfully asked Defendants' counsel to accept service for all of the Defendants, knowing that Ms. Van Loon represented each of them. *See*, **Exhibit B**. Ms. Van Loon refused to accept service claiming it was "particularly" because the Defendants were contesting U.S. jurisdiction. *Id*.

## II. LAW AND ARGUMENT

### A. Alternative Service is Warranted.

Rule 4(d)(1), Fed.R.Civ.P. dictates that individuals and corporations have "a **duty** to avoid unnecessary expenses of serving the summons" in a federal lawsuit, and thus they should waive service when requested. *Id*. (Emphasis added). Rule 4(d)(5) is explicit that waiving service of a summons "does **not** waive any objection to personal jurisdiction." *Id*. (Emphasis added).

Plaintiffs clearly asked for cooperation in serving the Defendants. *See*, **Exhibit B**. Defense counsel rejected cooperation, citing contested "U.S. jurisdiction" as the excuse. *Id*. That excuse defies all logic when Rule 4(d)(5) expressly assures "Jurisdiction and Venue Not Waived" by the simple act of waiving/accepting service.[1]

Service of process is not, and has never been, a "game" for people to avoid.

---

[1] Moreover, defense counsel could have asked for a simple agreement (for assurance) that by accepting service she would NOT be waiving any defenses. Plaintiffs would gladly agree that no defenses are waived by service being accomplished.

- 3 -

When parties make service a "game," alternative service is appropriately granted. For example, in *Nanya Tech. Corp. v. Fujitsu, Ltd.,* the District of Guam explained the rationale for alternate service:

> We should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond. *Rio Props.*, 284 F.3d 1007, 1017. All that is required under Rule 4 (f)(3) is that service be "directed by the court" and that the means of service "not be prohibited by international agreement [the Hague Convention]." Fed. R. Civ. P. 4(f)(3). The D. Guam, in affirming the magistrate's approval of email service, held that this means was "sufficient enough to give Fujitsu notice and an opportunity to respond." The Magistrate Judge's Order was neither clearly erroneous nor his legal conclusions contrary to law.

*Nanya Tech.*, 2007 U.S. Dist. LEXIS 5754, *11 (D. Guam, January 26, 2007), citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).

Here, Defendants certainly have "notice of the pendency" of this action, as they have engaged in settlement discussions about the lawsuit. *See*, **Exhibit A**. Ms. Van Loon **admits** that her clients (all Defendants) have notice of this action. *See*, **Exhibit B**. The only basis offered for not accepting service must be chalked up to an "excuse" because the Federal Rules explicitly protect the Defendants from waiving any defenses. Whether labeled as a "game" or an "excuse," the facts of this matter are typical of "losing sight of what service of process is about" – only to give notice and an opportunity to respond. *Naya Tech; Rio Props., supra.*

**B.     Service By Electronic Mail and Ordinary Mail are Appropriate.**

Fed.R.Civ.P. 4(f)(3) and 4(h)(2) provide for "Service" "upon Corporations" and "Upon Individuals in a Foreign Country by other means not prohibited by international agreement as may be directed by the court," which enables the court to devise a method of service responsive to the unique facts of the particular case, including service by mail

to the defendant's last known address, by ordinary mail, by email, or other means. *Id.*; *see also*, *Rio Props., supra,* at 1014-1015.  The Rules do not require that a party attempt service of process by the methods enumerated in Rule 4(f)(2), including by diplomatic channels before petitioning the court for alternative relief under Rule 4(f)(3), although Plaintiffs have actually attempted service via diplomatic channels.  *See*, **Exhibits A, B**.

Service by email has been widely approved of after the Ninth Circuit allowed it in *Rio Properties,* and district courts now routinely allow plaintiffs to serve foreign defendants by sending the summons and complaint by email. *Rio Props.*, 284 F.3d 1007; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299 (N.D. Cal. Apr. 17, 2007).  Since *Rio Props.*, service by email or by facsimile under Rule 4(f)(3) has been widely approved.  *See, e.g., MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 08-CV-2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) (authorizing service by e-mail); *Bank Julius Baer & Co. Ltd. v. Wikileaks*, No. C. 08-00824 JSW, 2008 WL 413737 (N.D.Ca. Feb. 13, 2008) (authorizing e-mail service); *D 'Acquisto v. Triffo*, 2006 WL 44057 (E.D. Wis. 2006) (same); *Williams v. Adver. Sex, LLC*, 231 F.R.D. 483, 488 (N.D. W. Va. 2005) (same); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email, facsimile and ordinary mail); *Liberty Media Holdings, LLC v. Vinigay.com,* 2011 U.S. Dist. LEXIS 26657 (D. Ariz. 2011) (authorizing email service).

In the facts particular to *this* case, service could easily be effectuated through counsel who admittedly represents each and every one of the Defendants.  *See*, **Exhibits A, B**.  Although the Defendants most certainly have notice of the pendency of this action already, completing service by both electronic mail and U.S. mail to Defendants' known counsel is more than reasonably calculated to provide the Defendants with notice and an opportunity to present their positions.  Service could be

- 5 -

made directly upon:

> Ms. Erica J. Van Loon
> Glaser Weil Fink Howard Avchen & Shapiro LLP
> 10250 Constellation Blvd.
> Los Angeles, CA 90067
> evanloon@glaserweil.com

## III. CONCLUSION

There can be no doubt that Defendants have knowledge of this suit. Defendants have <u>intentionally</u> declined to accept or waive service, with no valid reason, as none of the jurisdictional or venue defenses will be waived. It would be a wise use of time and resources if Plaintiffs are permitted to effectuate alternative service by serving Defendants' known counsel, Erica Van Loon, both via electronic mail and via U.S. Mail.

For these reasons, it is Plaintiffs respectfully seek an Order permitting alternative service on all of the Defendants by the following means:

1. Sending a copy of the Summons, Complaint, and related documents to each Defendant, through counsel, via electronic mail to: evanloon@glaserweil.com; and

2. Sending a copy of the Summons, Complaint, and related documents to each Defendant, through counsel, via regular mail to:

> Ms. Erica J. Van Loon
> Glaser Weil Fink Howard Avchen & Shapiro LLP
> 10250 Constellation Blvd.
> Los Angeles, CA 90067

**RESPECTFULLY SUBMITTED** this 10th day of November 2016.

**MANOLIO & FIRESTONE, PLC**

By:  /s/ Veronica L. Manolio
  Veronica L. Manolio
  8686 E. San Alberto Dr., Suite 200
  Scottsdale, Arizona 85258
  *Attorneys for Plaintiffs*