1                     UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
2                     CASE NO. 1:15-CV-22463-MGC

3

HYDENTRA HLP INT. LIMITED          Miami, Florida
4  A FOREIGN CORPORATION,           May 18, 2016
   DOING BUSINESS AS METART         Wednesday
5
                   PLAINTIFF
6        vs

7  MAXIMUM APPS, INC.,               Scheduled 3:30 p.m.
   A FOREIGN COMPANY, DOING          3:46 p.m. - 4:43 p.m.
8  DOING BUSINESS AS SEX.COM,
   CLOVER HOLDINGS LIMITED
9  PARTNERSHIP, A FOREIGN COMPANY
   DOING BUSINESS AS SEX.COM,        Pages 1 - 41
10 FREDERIC VALIQUETTE, AN
   INDIVIDUAL, JOHN DOES 1 - 20
11                 DEFENDANTS

12 ------------------------------------------------------------

13             **ORAL ARGUMENT AND STATUS CONFERENCE**

14           BEFORE THE HONORABLE MARCIA G. COOKE
                UNITED STATES DISTRICT JUDGE
15           WILKIE D. FERGUSON COURTHOUSE

16
   APPEARANCES:
17
   ON BEHALF OF PLAINTIFFS:      **SPENCER D. FREEMAN, ESQ.**
18                               Freeman Law Firm, Inc.
                                 1107 1/2 Tacoma Avenue South
19                               Tacoma, WA 98402
                                 sfreeman@freemanlawfirm.org
20

21                               **AARON BEHAR, ESQ.**
                                 BeharBehar
22                               1840 North Commerce Parkway
                                 Suite 1
23                               Weston, Florida  33326
                                 ab@aaronbeharpa.com
24

25

```
 1    APPEARANCES (continued):

 2

 3    ON BEHALF OF DEFENDANTS:        ALLEN PAIGE PEGG, ESQ.
                                      JASON D. STERNBERG, ESQ.
 4                                    Hogan Lovells LLP
                                      600 Brickell Avenue
 5                                    27th Floor
                                      Miami, FL 33131
 6                                    allen.pegg@hoganlovells.com
                                      jason.sternberg@hoganlovells.com
 7
                                      EVAN FRAY-WITZER, ESQ.
 8                                    Ciampa, Fray-Witzer, LLP
                                      20 Park Plaza
 9                                    Suite 505
                                      Boston, MA 02116
10                                    evan@cfwlegal.com

11
                                      BRADY JAMES COBB, ESQ.
12                                    Tripp Scott
                                      110 SE 6th Street
13                                    15th Floor PO Box 14245
                                      Fort Lauderdale, FL 33302-4245
14                                    bcobb@cobbeddy.com

15

16

17    STENOGRAPHICALLY
      REPORTED BY:            GLENDA M. POWERS, RPR, CRR, FPR
18                           Official Court Reporter
                             United States District Court
19                           400 North Miami Avenue, Room 08S33
                              Miami, Florida 33128
20

21

22

23

24

25
```

1        I wanted to have oral argument because I wanted to see

2   my way through some of the factual allegations that plaintiff

3   makes in this case in order to say that jurisdiction is

4   appropriate.

5        And what I really have found -- and the discussion here

6   doesn't seem to change my mind based upon the arguments in the

7   paper -- is that the plaintiff is basically aggregating factual

8   information from the defendants in order to demonstrate

9   personal jurisdiction over all of the defendants, and I do not

10  think that's appropriate.

11       Let's go the choice of law question which I ask early

12  on and nothing seems to have changed legally what has happened

13  here.  The forum selection clause is the selection clause

14  between the defendants and people they have contracted with or

15  have contracted with them.

16       It is with those contractual agreements that they have

17  been -- and I'll use this in quotes -- "forced" to avail

18  themselves of jurisdiction within the United States.  And as I

19  and the defendants pointed out, have said that alone does not

20  give you personal jurisdiction, as does registering a domain

21  name.

22       So let's talk about the jurisdictional aspects of

23  personal jurisdiction.  Is there, are what the plaintiff claims

24  arise out of at least one of the defendants' contacts with this

25  forum?  And they don't.

1        The non-resident defendants here -- and it's kind of

2   interesting and was pointed out, that everybody's trying to get

3   jurisdiction here, nobody's from here, including the plaintiff.

4   They didn't purposely avail themselves of this forum.  They're

5   here because plaintiffs made them come here.

6        There's none of the traditional minimal contacts that

7   would make us think that it would be appropriate for the

8   defendants to be sued here.

9        There's no evidence of an intentional tort aimed at

10  this state that the defendant would use to cause harm to people

11  here, it's just not evident.

12       Would it create a burden on the defendant?  Obviously,

13  they're not here.

14       Does Florida have any interest in adjudicating the case

15  here?  Nope.

16       Could you obtain relief in another forum?

17       You say you can't prosecute a case in Canada.  I don't

18  know that, but I don't think you have sufficient contacts to

19  prosecute one here.

20       As to the exercise of the jurisdiction under 4(k)2,

21  because both parties specifically posted about that, in looking

22  at Fraser versus Smith, 594 F.3d at 842, 850, the Eleventh

23  Circuit has specifically explained that the applicable forum

24  for minimal contacts analysis in the U.S., and I must engage in

25  a fact-specific inquiry.

1         The facts here don't point to it.  There's no way that

2    all of these guys doing business in Canada and doing what they

3    do, would ever think -- and oh, by the way, when we're setting

4    up our business model, we think we're going to be sued in

5    Miami.  It just doesn't follow.

6         Listen, I know that the plaintiff makes much of these

7    banner flags that point out the United States, that's -- I

8    would say that is the cyber business, and that would be anyone

9    who was in any other jurisdiction that would say, listen,

10   American customers are welcome, does not necessarily create the

11   contacts.

12        This would be -- I'm just imagining, you know, if we

13   follow this to a logical -- or illogical conclusion, a United

14   States Court may one day end up in a suit in Russia.  It's not

15   what we're supposed to do in terms of the analysis under

16   specific personal jurisdiction under the due process clause or

17   under 4(k)2.

18        Do I need to allow jurisdiction on discovery to see if

19   there's something I don't know?  I don't think there's any

20   facts here that would change with jurisdictional discovery.

21        The defendants have presented ample evidence that they

22   have no contacts with Florida, and I don't think additional

23   discovery would prove that.

24        Therefore, defendant Clover Holdings, Limited, motion

25   to dismiss amended complaint for a lack of personal

1    jurisdiction is granted.

2           Since there's no personal jurisdiction, there's no need

3    for me to make any finding about the service of process in this

4    case; and the same as to lack of personal jurisdiction applies

5    to the defendants in docket entry number 34, and their motion

6    is granted as well.

7           Thank you, counsel.  Have a good evening.

8           MR. PEGG:  Thank you, Your Honor.  Same.

9           MR. FRAY-WITZER:  Thank you, Your Honor.

10          COURT SECURITY OFFICER:  All rise.

11          (Proceedings concluded at 4:43 p.m. )

12

13                    C E R T I F I C A T E

14

15         I hereby certify that the foregoing is an

           accurate transcription of the proceedings in the

16

           above-entitled matter.

17

18    May 23rd, 2016        /s/Glenda M. Powers
      DATE                  GLENDA M. POWERS, RPR, CRR, FPR
19                          Official Federal Court Reporter
                            United States District Court
20                          400 North Miami Avenue, 08S33
                            Miami, Florida 33128
21

22

23

24

25