LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP INT. Limited, a foreign corporation, d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation, d/b/a METART d/b/a SEXART,<br><br>                    Plaintiffs,<br>vs.<br><br>Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN LTD., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services Inc., a Canadian Company, individually and d/b/a Porn.com; David Koonar, an individual; *et. al.*,<br><br>                    Defendants. | Case No. **CV-16-1494-PHX-DKD**<br><br>**PLAINTIFFS' REPLY ON THEIR *EX PARTE* MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS** |

Plaintiffs Hydentra HLP Int. Limited and Hydentra, L.P. HLP General Partner, Inc. ("Hydentra") hereby reply on their Motion for Alternative Service on Defendants.

While defense counsel wasted the first three (3) pages of its Response with cheeky catch phrases and attempts to belittle Hydentra, the Response is clear that Defendants are simply trying to avoid service of process with gamesmanship. Defendants disrespectfully argue **irrelevant** matters, but at the bottom line, they agree that this Court has full authority to grant alternative service as Hydentra requested.

## I. REPLY INTRODUCTION/OVERVIEW

Hydentra's only interest at this point is effective, efficient litigation.[1] On the other hand, Defendants oppose **service** in the interest of slowing this litigation to a crawl, at best. Accepting service would not affect any substantive rights and would not require Defendants to waive objections to personal jurisdiction. They simply dispute service to prolong litigation. This is a strategy they have used before.

The same Defendants here – Sagan, Ltd., MXN, Ltd. (which is now known as "Cyberweb," changing its name after litigation was filed), Netmedia Services, Inc., and David Koonar – are Defendants in simultaneous litigation filed in this District. *See, AMA Multimedia, LLC v. Sagan, Ltd., et al.*, District of Arizona Case No. 2:16-cv-1269-PHX-DGC ("the AMA Case"). In the AMA Case, Defendants pulled the same type of avoidance of service, objection to alternative service, and game playing.

---

[1] Hydentra will not engage in responding to Defendants' meaningless rhetoric on pages 1-3 of its Response. This was written solely to "poison" this Court against Hydentra, which is clear since the Defendants presented discussion and exhibits from other cases, in other jurisdictions, and which have zero bearing on Alternative Service.

  Not only are the cases used by defense **irrelevant** (the case against the Defendants here is *strikingly* different than any case cited by Defendants), but the Defendants here were not even parties to the lawsuits. These Defendants hired counsel who "prevailed" on other, irrelevant issues, and that counsel is improperly introducing the matters in this forum. (This is clearly evidenced by the fact that Defendants' Response [Doc. 15] was saved as "Maimum Apps and Valiquette Mediation Submission.pdf". Defense counsel obviously copied and pasted its ill-written words from its Florida litigation, hoping to steer this Court in the same direction as the Florida District Court. That behavior ignores that the Defendants here are not the same. This Court should not tolerate the same attacks in this Court/District.)

  If this Court deems it necessary that Hydentra respond to Defendants' use of irrelevant cases from Florida, Hydentra will *gladly* provide justifiable responses. But absent this Court wanting more information, Hydentra will not further waste this Court's time by engaging about matters entirely unrelated to the present Motion.

Judge Campbell saw through the games and permitted alternative service, including service upon their attorney of record. *Id*. at Docs. 35 and 54.

It is both clear and paramount that the Defendants have **knowledge** of this litigation (in addition to having hired experienced litigation counsel to defend them). On the issue of service, "Notice" is the sole mandate of the Due Process Clause of the Fourteenth Amendment. Notice is clear as can be in this instance, and Hydentra's Motion for Alternative Service should be granted accordingly.

## II.     REPLY FACTUAL BACKGROUND

Hydentra has not argued "hollow" concerns about these Defendants. Based on **experience** with the Defendants, their purposeful evading of service has already resulted in seeking Leave for Alternative Service (in the AMA Case). Based on **experience** with the Defendants, David Koonar avoided process servers intentionally, and his counsel "offered" to make him available for personal service and then recanted her offer. *See*, Case No. 2:16-cv-1269-PHX-DGC, Doc. Nos. 22, 23, 26. There, a qualified process server appeared at the business location of Netmedia Services, Inc., and was refused entry four (4) times, despite that both David Koonar and Netmedia Services required service. *Id*. at Doc. 29. The Court granted leave for alternative service to serve David Koonar by email and through his counsel. *Id*. at Doc. 35. The Court there (Judge Campbell) reminded the parties that service is solely intended to "apprise David Koonar of the pendency of this action and afford him an opportunity to present his position." *Id*.

Also based on **experience** with these Defendants, Cyberweb, Ltd. (MXN, LTD. in this case – the name changed after litigation was filed) avoided service of process even through the Hague Convention. *Id*. at Doc. 36. Judge Campbell, again, had to grant alternative service via email and via counsel for Cyberweb. *Id*. at Doc. 54.

These **experiences** are not "hollow" arguments. Defendants remain unchanged.

In this case, Hydentra has initiated service via the Hague Convention, but due to the length of time to serve through the Hague, service could continue unnecessary delay. Once personal service is attempted on Defendants Koonar and Netmedia Services, Inc. (at the same address used in the AMA Case), it is safe to anticipate that process servers will again be refused entrance to the building. Obviously, the same service issues will exist here as in the AMA Case because the Defendants' actions have not changed.

Hydentra has not argued that Defendants' counsel is **required** to accept service. Rather, Defendants' counsel (knowing full well that her clients have "knowledge" and "Notice" of this lawsuit) entirely ignores that Rule 4(d)(1), Fed.R.Civ.P. dictates that individuals and corporations have "a **duty** to avoid unnecessary expenses of serving the summons" in a federal lawsuit, and thus they should waive service when requested. *Id.* (Emphasis added). Counsel cited one reason for denying acceptance of service was the waiver of personal jurisdiction, ignoring that Rule 4(d)(5) is explicit that waiving service of a summons "does **not** waive any objection to personal jurisdiction." *Id.* (Emphasis added.)

## III.   REPLY LEGAL ARGUMENT

### A.   There is No Requirement to Make "Prior Attempts" at Service.

This Court has wide discretion to determine when alternative service is permitted. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). There is no requirement that service must be "impracticable," nor is there any requirement that a plaintiff make multiple attempts at service before alternative service may be granted. *Id.* In fact, AMA was not required to make **any** attempt at service of process by the means or methods enumerated in Rule 4(f)(2) of the Fed.R.Civ.Pro. before seeking alternative service (though it has). *Id.* at 1015-16.

Court-directed service is "as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" Fed.R.Civ.Pro. *Id.*, citing *Forum Financial Group, LLC v. President &*

- 4 -

1 *Fellows*, 199 F.R.D. 22, 23-24 (D. Me. 2001). There is no hierarchy of preferred
2 methods of service of process. *Id*. at 1016. There is no qualifier or limitation that makes
3 alternative service available only after attempting process by other means. *Id*.

4 The cases cited by Defendants are inapplicable here. In *Ortiz v. Green Bull, Inc.,*
5 2011 U.S. Dist. LEXIS 131598 (E.D.N.Y. 2011), the Court applied **New York state law**
6 to find that Plaintiffs had to show service was "impracticable" before granting alternative
7 service. In *Progressive Southeastern Ins. Co. v. J&P Transportation*, 2011 U.S. Dist.
8 LEXIS 73946 (N.D. Ind. 2011), the Court denied alternative service because: a)
9 plaintiff's counsel had not even tried to obtain the defendants' current address; and b)
10 plaintiff's counsel sought to serve a foreign attorney – who the Court could not ensure
11 even *represented* the defendants any longer. In *Henry v. Black*, 2011 U.S. Dist. LEXIS
12 11473 (D. Utah 2011), the Court denied alternative service based on **Utah state law**
13 requiring "reasonably diligent efforts" to locate a defendant prior to alternative service.
14 In *Alvarez v. County of Maricopa*, 2010 U.S. Dist. LEXIS 62121 (D. Ariz. 2010), this
15 District's Judge Campbell denied alternative service on the wife of Sheriff Joe Arpaio
16 because a process server made but one attempt at the Sheriff's residence (where
17 apparently nobody was home). The plaintiff did not ask counsel to accept service; there
18 were no other attempts whatsoever. *Id*.

19 While Defendants claim that "[t]he *Lipimax* case is particularly on point," citing to
20 *C & F Sys., LLC v. Lipimax, S.A*., 2010 U.S. Dist. LEXIS 973 (W.D. Mich. 2010), that
21 case differs drastically from ours. First of all, the defendant in Lipimax resided in Peru –
22 a country that is not a signatory to the Hague Convention. *Id.* Second, the "Inter-
23 American Convention" applied to Peru, and that international agreement would allow
24 service "as prescribed by Peruvian law," yet the plaintiff did not attest to any attempts to
25 serve pursuant to Peruvian law. *Id*. at pp. 4-5. Finally, and most importantly, the
26 *Lipimax* Court acknowledged that other courts (like our Ninth Circuit) "have authorized

- 5 -

alternative service under Rule 4(f)(3) without first resorting to traditional means of service," but the *Lipimax* Court refused to allow this because the plaintiff needed to follow the Inter-American Convention and Peruvian law first.[2] *Id.*

Our case obviously does not follow New York or Utah procedural law and does not require impracticability. In our case, there is no doubt that counsel represents the Defendants and the counsel for the parties have communicated. In our case, there is no doubt that Plaintiffs asked for service/cooperation (unlike in the Arpaio matter). And, our case should follow *Rio Properties, supra*, which is good Ninth Circuit authority, and not a distinction of our Ninth Circuit law by a Western Michigan District Court dealing with Peruvian law. Thus, every one of Defendants' cited cases is dissimilar.

Contrary to Defendants' arguments, this very District (Judge Campbell) has held that when a party has knowledge of a lawsuit and intentionally makes no effort to appear, answer or defend the Complaint, and/or oppose the matter, its conduct can be deemed "culpable" for adverse actions taken against them. *See, Dolezal v. Fritch*, 2008 U.S. Dist. LEXIS 103404, 2008 WL 5215335 (D. Ariz. Dec. 12, 2008)(Court found the defendants "culpable" for the default judgment against them when they played games on service of process, despite clear knowledge that the suit existed.)

Defendants' actions and their Response prove they are playing games. There is no requirement that Hydentra be made to attempt service through the Hague "first." Authority from both the Ninth Circuit and this very District support that alternative service is permitted and warranted here.

---

[2] It cannot be coincidental that the *Lipimax* Court cited *Rio Properties, Inc. v. Rio International, Interlink*, 284 F.3d 1007 (9th Cir. 2002) and that Defendants omitted this citation from its pleading by a simple "…" in quoting *Lipimax*. *Rio Properties* is good law in this 9th Circuit, and it is misleading (at best) that Defendants simply omitted this important, distinct case law/cite in their near-full-page quote from the *Lipimax* case.

- 6 -

### B. Hydentra's Requested Method(s) of Alternative Service do Not Violate The Hague Convention.

Defendants concede that email service is permitted in each of the jurisdictions where Defendants reside. Their Response focuses solely upon the request for *their attorney* to receive the requested email service. First, Defendants assert that the respective jurisdictions prohibit service upon an attorney. Second, Defendants assert that absent specific appointment for service of process, service upon an attorney cannot be granted. Defendants' assertions are misguided on both points, for the same reason.

As Defendants pointed out in the Response, each of the respective jurisdictions permits service of process on attorneys. Similar to the United States, for purposes of conventional service of process, the attorney must be appointed and must know of such appointment. While these standards may be true for **conventional service** of process, standards for **alternative service** are different.

When a request for alternative service is made, the issue becomes whether the requested means is *reasonably calculated to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objection(s). *Rio Props., supra; Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Thus, the question whether service upon an attorney via email is appropriate focuses on whether that service would be reasonably calculated to apprise the Defendants of the pendency of the action, **not** whether the attorney has been so appointed or authorized to accept.

Alternative service upon a defendant's attorney is commonly determined as appropriate. In fact, in the landmark case permitting email service, service on the defendant's lawyer was authorized, as the attorney had been specifically consulted regarding the lawsuit. *Rio Props., supra*, 284 F.3d at 1017; *see also*, *Inter123 Corp. v. Ghaith*, No. CV-14-00463-PHX-DGC, 2014 U.S. Dist. LEXIS 61908, 2014 WL

1763280, at *6 (D. Ariz. May 5, 2014) (authorizing service on defendant's lawyer because defendant was "clearly aware of [the] action as shown by his retention of counsel."); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 536 (E.D. Va. 2005) (authorizing service on defendant's lawyer, noting that the defendant had been "in constant communication with his attorney."); *see also, BMO Harris Bank, N.A. v. Guthmiller*, No. CV-14-00275-PHX-JAT, 2014 U.S. Dist. LEXIS 78844 at *11-12 (D. Ariz. June 9, 2014) (service upon defendants' bankruptcy counsel was deemed appropriate when conversations between plaintiff's counsel and defendant's bankruptcy counsel occurred in defendant's presence. Such circumstances established that email service on the attorney would apprise the defendant of the pendency of the action.)

To the extent that either service through the Hague or service procedures from one of the respective foreign nations (Canada, Barbados or the Seychelles) is of concern, effectuating service upon Defendants' **United States counsel** resolves all such concerns. If service is effected domestically, then the Hague Service Convention does not apply. *See*, *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700-702, 108 S. Ct. 2104 (1988). Following the reasoning of *Volkswagenwerk*, several federal courts have authorized service under Rule 4(f)(3) on domestic counsel as involuntary agents for their clients abroad. *See, e.g., Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 U.S. Dist. LEXIS 71269, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) (authorizing service on domestic counsel for defendants located in India, a signatory to the Convention); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005) (authorizing service on domestic counsel for defendant in Pakistan, a signatory to the Convention); *Knit With v. Knitting Fever, Inc.*, Nos. 08-4221, 08-4775, 2010 U.S. Dist. LEXIS 129870, 2010 WL 4977944, at *4 (E.D. Pa. Dec. 7, 2010) ("Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate to prevent further delays in litigation."); *Calista Enters. Ltd. v.*

*Tenza Trading Ltd.*, 40 F. Supp. 3d 1371, 1376 (D. Or. 2014) (Service upon defendants' counsel would give defendant sufficient notice to satisfy the Due Process Clause and since counsel is located in the United States, such service would not trigger the Hague Service Convention.). This Court need not evaluate other nations' procedural rules, and service upon the U.S. Counsel alleviates all concerns of avoidance of service and delay.

### C. Alternative Service Does Not Implicate "Public Policy" Concerns.

AMA has **not** argued that alternative service should be granted "because th[e Defendants'] attorneys entered into good faith settlement negotiations with the Plaintiffs." Rather, AMA simply pointed out that Defendants **are clearly apprised of the pendency of the actions** since their counsel engaged in settlement discussions.

AMA raised the "Notice" issue only. Because the parties discussed resolution, Defendants clearly have been apprised of the pendency of this action. Defendants confirm their knowledge of the pendency of this lawsuit (and their opportunity to defend it) but simply ask this Court to prolong actual service by employing gamesmanship.

There is no "public policy" implicated by granting alternative service on a party (or counsel for the party) who clearly has Notice/knowledge and an opportunity to defend. Generally speaking, a party would need to know about the existence/pendency of a lawsuit before it could enter settlement discussions in any event. In most cases, parties are already served and/or have appeared before they enter settlement discussions.

This case just happens to highlight the few and far between – where Defendants obviously have knowledge about a suit and an opportunity to defend but refuse to appear. Parties like Defendants should not be rewarded where they have learned about this action but hide/avoid/ignore service because settlement discussions did not favor them. There is no over-arching "public policy" concern that parties will not discuss settlement for fear of being served. The true concern is letting parties (like Defendants) avoid and delay.

### IV. CONCLUSION

Hydentra is not intent on gamesmanship or any untoward maneuvering. Hydentra is interested in moving the litigation forward, period. Settlement discussions obviously did not work (despite that both parties engaged in good faith). This case needs to proceed, and Defendants will not be prejudiced in any of their defenses – including arguing Personal Jurisdiction – if they are simply served by alternative means.

Granting alternative service will halt further attempts to slow down this litigation. And serving the Defendants' attorney(s) will ensure the receipt of the Summonses and Complaint. Therefore, Hydentra respectfully asks again that this Court enter an Order permitting alternative service on all of the Defendants by the following means:

1. Sending a copy of the Summons, Complaint, and related documents to each Defendant, through counsel, via electronic mail to: evanloon@glaserweil.com; and

2. Sending a copy of the Summons, Complaint, and related documents to each Defendant, through counsel, via regular mail to:

> Ms. Erica J. Van Loon
> Glaser Weil Fink Howard Avchen & Shapiro LLP
> 10250 Constellation Blvd.
> Los Angeles, CA 90067

Alternatively, now that two (2) other law firms have appeared on behalf of all of the Defendants, Hydentra will gladly effectuate service on Ms. Van Loon **and** each of the other counsel (Mr. Evan Fray-Witzer and Mr. Valentin D. Gurvits) by email as well, if this Court deems that more appropriate and/or more assured to apprise Defendants of the pendency of this action and afford them opportunities to present their positions to this Court.

/ / /

/ / /

- 10 -

**RESPECTFULLY SUBMITTED** this 28th day of November 2016.

               **MANOLIO & FIRESTONE, PLC**

              By: /s/ Veronica L. Manolio
                 Veronica L. Manolio
                 8686 E. San Alberto Dr., Suite 200
                 Scottsdale, Arizona 85258
                 *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of November, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF to the following recipients:

 Evan Fray-Witzer
 Ciampa Fray-Witzer, LLP
 20 Park Plaza, Suite 804
 Boston, MA  02116
 Evan@CFWlegal.com
 *Pro Hac Vice Counsel for Defendants*

 Valentin D. Gurtvis
 Boston Law Group, LLP
 825 Beacon Street, Suite 20
 Newton Centre, MA  02459
 vgurvits@bostonlawgroup.com
 *Pro Hac Vice Counsel for Defendants*

A Courtesy Copy has been sent by electronic mail this same date to:

 Erica J. Van Loon
 Glaser Weil Fink Howard Avchen & Shapiro LLP
 10250 Constellation Blvd.
 Los Angeles, CA 90067
 evanloon@glaserweil.com
 *Attorneys for Defendants*

By: /s/ Gina Murphy