Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com
*Pro Hac Vice*

Valentin D. Gurvits
Matthew Shayefar
Boston Law Group, LLP
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Hydentra HLP INT. Limited, a foreign corporation, d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation, d/b/a METART d/b/a SEXART,<br><br>                              Plaintiffs,<br><br>v.<br><br>Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN LTD., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services Inc., a Canadian Company, individually and d/b/a Porn.com; David Koonar, an individual,<br><br>                              Defendants, | Case No. CV-16-1494-PHX-DKD<br><br>**DEFENDANTS' SUR-REPLY TO PLAINTIFFS'** *EX PARTE* **MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS** |

**Argument**

I. THE COURT SHOULD NOT IGNORE THE REQUIREMENTS OF THE HAGUE CONVENTION.

Of all of the things that the Plaintiffs ask this Court to ignore (and there are many), perhaps none are as disturbing as the fact that Plaintiffs urge this Court to ignore that the method of alternative service they ask this Court to approve (service on attorneys who have not been authorized to accept service of process) is not permitted in the Countries where the Defendants are located and, as such, are not permitted under the Hague Convention.

Indeed, the Plaintiffs now ask this Court to ignore the Hague Convention in its entirety (despite the fact that the Defendants are all located in countries that are signatories to the convention), arguing that Plaintiffs should be permitted to do here (in the United States) that which they could not properly do where the Defendants are located. The request is an invitation to such mischief and disregard for international treaties that it should be rejected out of hand.

As a starting point, the Plaintiffs first make a half-hearted attempt to argue that the method of alternative service requested actually *is* permitted in Canada, Seychelles, and Barbados. In support of this assertion, Plaintiffs cite no authority, nor do they actually dispute the statutes cited by Defendants in their opposition. Instead, they chose to simply ignore half of each relevant statute cited. Without repeating the arguments presented in Defendants' Opposition, each of the three relevant jurisdictions allow service on an attorney ***only*** if the attorney has been authorized to accept such service by his client. In their Reply, Plaintiffs argue that this means that service on an attorney is permissible, period. Of course, in so arguing, Plaintiffs read out of each relevant statute the absolute requirement that such service is only allowed when the attorney is authorized to accept service of process, the crucial point missing here.

Plaintiffs quickly move from this absurdity to the assertion that the Hague Convention can and should be ignored because service can be effectuated by serving the

2

foreign defendants' attorneys here in the United States.  This argument is too clever by half and would inevitably start the Court down a path which it does not wish to travel.  If a Plaintiff is always permitted to (a) obtain alternative service without first attempting service under the Hague Convention, and (b) permitted to effectuate such service in a method which would have been prohibited by the Convention, this Court will have rendered the Hague Convention a nullity.  It should not do so lightly.

Moreover, Plaintiffs' position, if adopted, would set up an unduly prejudicial trap for foreign defendants: any foreign defendant that consulted with a United States-based attorney (for any reason) would then be subject to service through that attorney without regard to the requirements or constraints of the Hague Convention simply because the (non-authorized) attorney was located within the United States.  This cannot possibly be what the Rules of Civil Procedure or the Hague Convention contemplate.  Nor do the cases cited by Plaintiffs state otherwise.

Plaintiffs first cite *Volkswagonwerk Aktiengesellscaft v. Schlunk*, 486 U.S. 694 (1988) for the proposition that the Hague Convention may be ignored whenever a foreign defendant has consulted with (or retained) U.S. counsel.  The case says no such thing.  In *Volkswagonwerk,* service was effectuated on Volkswagen of Germany ("VWAG"), by virtue of service on the company's United States subsidiary ("VWoA").  The Court there Court found that the relationship between the parties was so close that service on one was effectively service on the other. In upholding the Appeals Court's reasoning, the Supreme Court noted:

> The Circuit Court denied VWAG's motion [to quash service].  It first observed that VWoA is registered to do business in Illinois and has a registered agent for receipt of process in Illinois.  The Court then reasoned that VWoA is VWAG's agent for service of process as a matter of law, notwithstanding VWAG's failure or refusal to appoint VWoA formally as an agent. The court relied on the facts that VWoA is a wholly owned subsidiary of VWAG, that a majority of the members of the board of directors  of VWoA are members of the board of VWAG, and that VWoA is by contract the exclusive importer and distributor of VWAG products sold in the United States.

*Id.* at 697.

3

Under these limited circumstances, the Supreme Court was willing to say that resort to the Hague Convention was unnecessary, inasmuch as service could be accomplish within the United States because the U.S. company was so closely tied to the German company as to be its agent for service "as a matter of law."

And, although the Plaintiffs cite four other cases in which alternative service on defendants' counsel was permitted, it does not argue (nor do any of the cases indicate) that such alternate service was permitted despite being prohibited in the defendants' country of residence, as is the case here. In the present case, the Plaintiffs not only seek alternative service without first attempting any other form of service (which was not the case in any of the cases cited by the Plaintiffs), they also seek to do so in a manner that is clearly not permitted in the jurisdictions where the defendants are located. It is a step too far. Although this Court certainly has the *discretion* to order alternative service, it also has the discretion to deny such service when sought by Plaintiffs who simply don't want to follow the rules as they apply to everyone else.

### II. THE COURT NEED NOT IGNORE THE PLAINTIFFS' PRIOR FRIVOLOUS COPYRIGHT CLAIMS.

It is not at all surprising that the Plaintiffs urge this Court to ignore their behavior in the Southern District of Florida and the Eleventh Circuit Court of Appeals. Plaintiffs are, simply, copyright trolls who filed half a dozen frivolous cases in the District Court and two frivolous appeals, each of which was dismissed. It is understandable, too, that the Plaintiffs have jurisdiction-shopped their way to a new location. What does not make sense, however, is Plaintiffs' belief that this Court must not only ignore their prior frivolous claims, but actually make it *easier* for the Plaintiffs to pursue additional

4

frivolous claims by freeing them from the constraints of conventional service of process that apply to every other litigant.

### Conclusion

For the reasons outlined hereinabove and in Defendants' Opposition, the Defendants respectfully request that Plaintiff's Ex Parte Motion for Alternative Service be denied.

Respectfully submitted,

Sagan Limited, MXN LTD.,
Netmedia Services Inc., and
David Koonar,

By their attorneys,

/s/ Evan Fray-Witzer
Evan Fray-Witzer (#564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
evan@CFWlegal.com
*Pro Hac Vice*

Valentin D. Gurvits (# 643572)
Boston Law Group, LLP
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2016, I electronically transmitted the attached document to the Clerk of the United States District Court, District of Arizona, using the online e-filing system.

By:     /s/ Evan Fray-Witzer

6