**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP INT. Limited, et al., | No. CV-16-01494-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Sagan Limited, MXN Limited, Netmedia Services Incorporated, and David Koonar, | |
| Defendants. | |

Plaintiffs Hydentra HLP INT. Limited and Hydentra, L.P. HLP General Partner, Inc. ("Hydentra" or "Plaintiffs") filed an *ex parte* motion for alternative service on Defendants Sagan Limited, MXN Limited (now known as "Cyberweb"), Netmedia Services, Inc., and David Koonar. Doc. 12. Defendants responded while specifically reserving their right to object to personal jurisdiction once properly served. Doc. 15 at 2. Plaintiffs replied. Doc. 18. No party has requested oral argument. The Court will grant Plaintiffs' motion for leave to conduct alternative service.

**II.     Legal Standard.**

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. Rule 4(f) provides three methods by which a plaintiff may serve an international defendant:

(1)  by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on Service Abroad of Judicial and Extra Judicial Documents;

  (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

\* \* \*

  (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3).

  Service under Rule 4(f)(3) must be (1) directed by the court and (2) not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). "No other limitations are evident from the text [of Rule 4(f)(3)]. In fact, as long as court-directed and not prohibited by an international agreement, service of process under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but "is merely one means among several which enables service of process on an international defendant." *Id*.

  To pass constitutional muster, a method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Applying this construction of Rule 4(f)(3) and the standard articulated in *Mullane*, courts have authorized a wide variety of alternative methods of service. *See SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (service of process by publication); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (service by mail to last known address); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (service by telex for Iranian defendants); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (service by ordinary mail); *Forum Fin. Group, LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23-24 (D. Me. 2001) (service on defendant's attorney); *In re Int'l Telemedia Assoc.*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (service by email).

### III. Analysis.

Plaintiffs request that the Court permit them to serve Defendants by alternative means pursuant to Rule 4(f)(3). Doc. 12 at 1. Plaintiffs allege that Defendants are a group of inter-related business entities with actual notice of this lawsuit. *Id.* In response, Defendants argue that Plaintiffs should be required "to first attempt service on the Defendants through the Hague Convention." Doc. 15 at 4. Plaintiffs aver that "Service of Process has been sent through the Hague, [but] service has not yet been successful" (Doc. 12 at 2), and, "due to the length of time to serve through the Hague, service could continue unnecessary delay" (Doc. 18 at 4).

Plaintiffs argue that they seek alternative service "[b]ased on experience with the Defendants [and] their purposeful evading of service," which has already resulted in this Court granting leave for alternative service in another case involving the same Defendants as parties and the same lawyer as plaintiff's counsel. *See AMA Multimedia, LLC v. Sagan, Ltd., et. al.*, No. 2:16-cv-1269-PHX-DGC, Dkts. 22, 23, 26, 35. In that case, the Court granted leave for alternative service on Defendant Koonar, where a qualified process server appeared at his business location four times only to be refused entry. *Id.* Likewise, the Court granted leave for alternative service on Defendant Cyberweb/MXN, LTD. after service through the Hague Convention failed. *Id.* at Dkt. 54. Plaintiffs contend that "Defendants remain unchanged. . . . [and] it is safe to anticipate that process servers will again be refused entrance to the building." Doc. 18 at 3-4.

The Court will permit alternative service. Defendants clearly know of this action as shown by their retention of counsel and their filing of an objection to Plaintiffs' motion. Defendants have sought to evade service in the past. *See AMA Multimedia, LLC v. Sagan, Ltd., et. al.*, No. 2:16-cv-1269-PHX-DGC, Dkts. 22, 23, 26, 35. Moreover, as Plaintiffs note, Defendants have even engaged in settlement talks with Plaintiffs on this case. Permitting alternative service will save time and impose no disadvantage to Defendants.

The Court concludes that Plaintiffs have made the requisite showing under Rule 4(f)(3) and *Mullane* to justify alternative service. Allowing Plaintiffs to serve Defendants by email clearly will apprise Defendants of the pendency of this action and afford them an opportunity to appear and defend. *See Mullane*, 339 U.S. at 314. Plaintiffs may complete service by sending the pleadings to Defendants' counsel by email within ten days of this order.[1]

**IT IS ORDERED:**

1. Plaintiffs' motion for alternative service (Doc. 12) is **granted**.
2. Defendants' motion to file a sur-reply (Doc. 19) is **granted**. The Clerk shall accept for filing the sur-reply lodged on the Court's docket as Doc. 20.
3. Plaintiffs' motion to strike (Doc. 21) is **denied**.

Dated this 7th day of February, 2017.

_____
David G. Campbell
United States District Judge

---

[1] Defendants argue that allowing alternative service on their counsel "is not permitted in the Countries where the Defendants are located and [is] not permitted under the Hague Convention." Doc. 19-1 at 2. As already noted, "service of process under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties*, 284 F.3d at 1014. But that does not appear necessary in this case. Ontario Civil Rule of Procedure 16.06(2) states that "[i]f parties do not consent to the service of a document by e-mail, the court may, on motion, make an order directing that the document be served by e-mail, on such terms as are just." O. Reg. 170/14, s. 6. Barbados Rule of Civil Procedure Rule 5.14 (1) states that "[t]he court may direct that a claim form may be served by a method specified in the court's order." *Available at* http://www.barbadoslawcourts.gov.bb/supreme-court-civil-procedure-rules. Seychelles Code of Civil Procedure Rule 35 states that service on an agent of the defendant is sufficient. In this case, the Court will direct service on Defendants' attorney as their agent.