Valentin D. Gurvits (admitted *Pro Hac Vice*)
Matthew Shayefar (admitted *Pro Hac Vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: (617) 928-1806
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Evan Fray-Witzer (admitted *Pro Hac Vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants Sagan Limited, MXN Ltd.,
Netmedia Services Inc. and David Koonar*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Hydentra HLP Int. Limited, a foreign corporation d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation d/b/a METART d/b/a SEXART,<br><br>    Plaintiffs,<br><br>vs.<br><br>Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN Ltd., a Barbados company, individually and d/b/a Porn.com; Netmedia Services Inc., a Canadian company, individually and d/b/a Porn.com; David Koonar, an individual; and John Does 1-20,<br><br>    Defendants. | Case No. CV-16-1494-PHX-DGC<br><br>**DEFENDANT NETMEDIA SERVICES INC.'S MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION AND (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>ORAL ARGUMENT REQUESTED |

In the present case, the Plaintiffs Hydentra HLP Int. Limited and Hydentra L.P. HLP General Partner, Inc. (collectively, "Hydentra"), each of which is incorporated and operating under the laws of the Republic of Cyprus, have brought suit against Defendants Sagan Limited, a Republic of Seychelles company ("Sagan"); MXN Ltd., a Barbados Company ("CyberWeb");[1] Netmedia Services, Inc., a Canadian company ("Netmedia"); and David Koonar, a Canadian resident, concerning a website (Porn.com), which is owned and operated from entirely outside the United States.  What is lacking in the present action (and particularly as it applies to Netmedia) is any relevant or substantial connection to the United States that could possibly justify the exercise of personal jurisdiction over it, consistent with the Due Process clause of the United States Constitution.  Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Netmedia moves for the dismissal of the Complaint filed by Hydentra against it.

Even if the Court were to find personal jurisdiction proper, however, the Complaint would still need to be dismissed with respect to Netmedia inasmuch as it fails to allege a single fact which would support liability against it.  As such, pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Netmedia moves for the dismissal of the Complaint filed by Hydentra against it.

In support of its Motion, Netmedia states as follows.

---

[1] CyberWeb, Ltd. is the current name of the MXN, Ltd.  Because the Declarations submitted in connection with Defendants' Motions to Dismiss use the company's existing name, CyberWeb, the same name is used in this memorandum of law.

**FACTS RELEVANT TO JURISDICTION**

The two Hydentra Plaintiffs are each foreign corporations organized under the laws of the Republic of Cyprus. Complaint, ¶¶ 1-2. Hydentra allegedly owns and operates a number of adult entertainment websites and is the owner of certain copyrights to the adult materials displayed at those websites.[2] Complaint, ¶¶ 28-36. In its complaint, Hydentra alleges that its intellectual property has been infringed as a result of four (4) videos which allegedly appeared at the website located at Porn.com. Complaint, *passim*.

CyberWeb is an owner of the Porn.com website. Declaration of Kristen Richardson in Support of Defendants' Motions to Dismiss ["Richardson Decl."], filed with CyberWeb and Sagan's Motion to Dismiss, ¶ 2. Netmedia does not own the Porn.com website. Declaration of David Koonar in Support of Defendants' Motions to Dismiss ["Koonar Decl."], filed with Koonar's Motion to Dismiss, ¶ 2; Declaration of Philip Bradbury in Support of Defendants' Motions to Dismiss ["Bradbury Decl."], filed herewith, ¶ 2. Although it is true that Netmedia provides general maintenance for the Porn.com website, it is also true that Netmedia provides such services for more than 30,000 other websites as well. Koonar Decl., ¶ 4; Bradbury Decl., ¶ 3. Only approximately 6% of Netmedia's overall man-hours are devoted to work performed for the Porn.com website. Koonar Decl., ¶ 5; Bradbury Decl., ¶ 4. Netmedia provides its services for the Porn.com website as a subcontractor of the Barbados company G.I.M.

---

[2] Although the Complaint lists Hydentra LP HLP General Partner Inc. as a Plaintiff in the case, none of the Copyrights asserted in the case are owned by that entity. Defendant reserves the right to move on this matter.

1    Corp. ("GIM").  Koonar Decl., ¶¶ 7, 8, 10; Bradbury Decl., ¶¶ 6-7.  Neither Netmedia nor

2    GIM own CyberWeb or Sagan, and neither CyberWeb nor Sagan own Netmedia or GIM.

3    Koonar Decl., ¶ 21; Bradbury Decl., ¶ 14; Richardson Decl., ¶ 8.

4         The fees that Netmedia receives in exchange for services provided to the Porn.com

5    website are wholly unrelated to the performance of the website.  Netmedia is paid a flat

6    fee by GIM for the services it provides for the Porn.com website and numerous other

7    websites, regardless of the Porn.com website's performance.  Koonar Decl., ¶ 11;

8    Bradbury Decl., ¶ 9.  Because Netmedia receives only a flat fee for its services, Netmedia

9    does not receive any of the revenue generated by the Porn.com website and certainly it

10   would not derive any financial benefit from the infringing activity alleged in the

11   Complaint in this matter.  Koonar Decl., ¶ 12; Bradbury Decl., ¶ 10.

12        Netmedia is a Canadian company with its principal place of business, offices,

13   directors and employees located in Ontario, Canada.  Koonar Decl., ¶ 37; Bradbury Decl.,

14   ¶ 31.  At all relevant times, Netmedia did not have employees in the United states; did not

15   have a bank account in the United States; did not own or lease real estate in the United

16   States; did not pay taxes in the United States; did not have a telephone number in the

17   United States; and did not have an agent for the service of process in the United States.

18   Koonar Decl., ¶¶ 38-44; Bradbury Decl., ¶¶ 32-38.

19        Netmedia did not upload the allegedly infringing videos to the Porn.com website; it

20   did not participate in the allegedly infringing activity at issue in this matter, nor was

21   Netmedia aware of any such activity.  Koonar Decl., ¶¶ 16-17; Bradbury Decl., ¶ 11-12.

22   To the contrary, Defendants have undertaken great efforts to combat uploads of

unauthorized videos to the Porn.com website. Among other efforts, the Porn.com website utilizes a watermark program that helps cut down on the uploading of unauthorized content on the Porn.com website by users (e.g., unauthorized copyrighted content) and which also allows content producers to monetize their works uploaded to the Porn.com website even if they are not originally authorized. Bradbury Decl., ¶ 40. The watermark program was originally implemented in January of 2012 and has over the years identified over 28,000 unique watermarks. *Id.*, ¶ 42. *Inter alia*, the watermark program allows content owners to select rules on videos that contain their watermarks, ranging from deleting the video before it is even made available on the website to allowing the content owner to monetize the video. *Id.*, ¶¶ 43, 45-46. Plaintiffs' watermarks were first added to the watermark program (even without the prompting of Plaintiffs) prior to the year 2015. *Id.*, ¶ 44. The watermark program has removed at least 86 videos from the Porn.com website that appeared to utilize Plaintiffs' watermarks, all without any intervention by Plaintiffs. *Id.*, ¶ 47.

### FACTS RELEVANT TO FAILURE TO STATE A CLAIM

Hydentra's 25-page, 128-paragraph mentions Netmedia in only two paragraphs. Complaint, ¶¶ 7, 38. The only substantive allegation concerning Netmedia in the complaint (which is patently false) is that, along with the other Defendants, Netmedia owns and operates the Porn.com website. Complaint, ¶¶ 8, 38. Netmedia neither owns nor operates the Porn.com website and, as such, the Plaintiffs will not be able to make any showing that their claims against Netmedia have any plausibility.

# ARGUMENT

## I. Legal Standard – Rule 12(b)(2)

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). *See*, *also*, *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

## II. The Complaint Must be Dismissed as to Netmedia Because the Court Lacks Personal Jurisdiction Over This Canadian Company.

Hydentra alleges that Netmedia is subject to personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2). Complaint, ¶ 24. Rule 4(k)(2) provides for personal jurisdiction where: (1) the claim against the defendant arises under federal law; (2) the defendant is not subject to the jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Holland America Line, Inc. v. Wartsila North America, Inc.,* 485 F.3d 450, 461 (9th Cir. 2007). For the present motion, it is only the third element which is disputed.

"The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering

contacts between the [defendants] and the forum state, we consider contacts with the nation as a whole." *Holland America*, 485 F.3d at 462 (citing *Pebble Beach*, 453 F.3d at 1159).

The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction.[3] Specific jurisdiction "exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997)). If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Indeed, "a higher jurisdictional barrier" exists where the defendants are aliens as opposed to simply citizens from different states "because important sovereignty concerns

---

[3] As this Court has held, "general jurisdiction would never apply in the context of Rule 4(k)(2), because if a defendant had the continuous and systematic presence required for general jurisdiction, it would be subject to suit in the state where it has such presence and Rule 4(k)(2) would therefore not apply." *AMA Multimedia LLC v. Sagan Ltd.*, 2016 U.S. Dist. LEXIS 141934, *6 (D. Ariz. Oct. 13, 2016).

exist." *Sinatra v. National Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988) (citations omitted).

Additionally, a plaintiff may not attempt to aggregate the contacts of all of the defendants. Instead, "each defendant's contacts with the forum state must be assessed individually rather than simply viewing them collectively." *Calder v. Jones*, 465 U.S. 783, 790 (1984). *See*, *also*, *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("The Minnesota court also attempted to attribute State Farm's contacts to Rush by considering the 'defending parties' together and aggregating their forum contacts in determining whether it had jurisdiction. The result was the assertion of jurisdiction over Rush based solely on the activities of State Farm. Such a result is plainly unconstitutional."); *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 781 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

In the present case, there is not a single factual allegation in the Complaint to establish personal jurisdiction over Netmedia. Instead, the Complaint alleges only that – along with the other defendants – Netmedia owns and operates the Porn.com website. It does not. Koonar Decl., ¶ 2; Bradbury Decl., ¶ 2. Netmedia is nothing more than a service provider. It provides general website maintenance services to the Porn.com website – and to some 30,000 other websites. Koonar Decl., ¶ 4; Bradbury Decl., ¶ 3. It no more "owns" or "operates" the Porn.com website than does the electric company that provides the electricity necessary to power the servers that run the website. Netmedia appears to have been included in this lawsuit for no other reason than the time-honored legal theory of "the more, the merrier."

1  The Complaint contains no allegation that Netmedia "performed some act or consummated some transaction within the forum or otherwise purposefully availed [itself] of the privileges of conducting activities in the forum." *Bancroft & Masters*, 223 F.3d at 1086.  The Complaint contains no allegation that the Plaintiffs' claims arise "out of or results from the defendant's forum-related activities" (unsurprising since the Complaint alleges no such forum related activities).  *Id.*  And, the Complaint contains no facts from which the Court could conclude that the exercise of jurisdiction over Netmedia is reasonable.

To the contrary, as established by declaration, Netmedia is a Canadian company that has, at all relevant times, not had employees in the United States; not had a bank account in the United States; not owned or leased real estate in the United States; not paid taxes in the United States; not had a telephone number in the United States; and that does not have an agent for the service of process in the United States.  Koonar Decl., ¶¶ 38-44; Bradbury Decl., ¶¶ 32-38.

Given the wholesale lack of factual support (or allegations) contained in the Complaint concerning Netmedia, it is hard to understand how Hydentra even believed it had a good faith basis for asserting a jurisdictional basis (or claims) against the company. Given further the wholesale lack of allegations concerning Netmedia's contacts with the United States, the company does not – in this memorandum of law – address the factors generally utilized to determine whether an exercise of jurisdiction would be reasonable. To the extent that the Court deems it necessary to consider such factors, Netmedia adopts

and incorporates by reference the arguments presented by the other Defendants in their respective Motions to Dismiss.

Accordingly, the Complaint must be dismissed with respect to Netmedia for a lack of personal jurisdiction.

**III.  The Complaint Also Fails to State a Claim Upon Which Relief May Be Granted With Respect to Netmedia.**

In the alternative, Netmedia is entitled to dismissal of the Complaint against it as the Complaint fails to state a claim upon which relief may be granted.

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the plausibility standard "is not akin to a 'probability requirement,'" it does require more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Dismissal is appropriate where the complaint lacks a cognizable legal theory or lacks sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

In the present case, there is not a single factual allegation from which the Court could conclude that Netmedia was liable to Hydentra. Although Hydentra alleges that Netmedia, along with all the other Defendants, owns and operates the Porn.com website, it is a wholly unsupported and unsupportable allegation (made only on information and belief). The Court need not accept as true such unsupported (and unsupportable) inferences. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) ("[W]e do not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations.").

Because the Complaint is devoid of allegations against Netmedia from which the Court could plausibly infer misconduct on its part, the Complaint against it must be dismissed.

## **CONCLUSION**

For the reasons stated hereinabove, Netmedia respectfully requests that the Complaint against it be dismissed in accordance with Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and/or for a failure to state a claim upon which relief may be granted in accordance with Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

| /s/ Valentin D. Gurvits | /s/ Evan Fray-Witzer |
|---|---|
| Valentin D. Gurvits (*Pro Hac Vice*) | Evan Fray-Witzer (*Pro Hac Vice*) |
| Matthew Shayefar (*Pro Hac Vice*) | CIAMPA FRAY-WITZER, LLP |
| BOSTON LAW GROUP, PC | 20 Park Plaza, Suite 505 |
| 825 Beacon Street, Suite 20 | Boston, Massachusetts 02116 |
| Newton Centre, Massachusetts 02459 | Telephone: (617) 426-0000 |
| Telephone: (617) 928-1806 | Facsimile: (617) 423-4855 |
| Facsimile: (617) 928-1802 | Evan@CFWlegal.com |
| vgurvits@bostonlawgroup.com | |
| matt@bostonlawgroup.com | |

*Attorneys for Defendant Netmedia Services Inc.*

Dated:       Match 10, 2017

**Certificate Pursuant to Court's Order (Docket No. 26)**

Pursuant to the Court's Order dated January 6, 2017 (Docket No. 26), undersigned counsel hereby certifies that on February 28, 2017 he met and conferred by telephone (and further conferred by email on March 2, 2017) with counsel for Plaintiffs to determine whether an amendment could cure the deficiencies in the Complaint. The Parties were unable to agree that the Complaint was curable by a permissible amendment.

/s/ Matthew Shayefar, Esq.
Matthew Shayefar, Esq.

**Certificate of Service**

I hereby certify that on March 10, 2017, I electronically submitted the above document to the Clerk of the United States District Court, District of Arizona, using the online e-filing system.

/s/ Matthew Shayefar, Esq.
Matthew Shayefar, Esq.

13
Netmedia's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim