Valentin D. Gurvits (admitted *Pro Hac Vice*)
Matthew Shayefar (admitted *Pro Hac Vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: (617) 928-1806
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Evan Fray-Witzer (admitted *Pro Hac Vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants Sagan Limited, MXN Ltd., Netmedia Services Inc. and David Koonar*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Hydentra HLP Int. Limited, a foreign corporation d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation d/b/a METART d/b/a SEXART,<br>    Plaintiffs,<br><br>vs.<br><br>Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN Ltd., a Barbados company, individually and d/b/a Porn.com; Netmedia Services Inc., a Canadian company, individually and d/b/a Porn.com; David Koonar, an individual; and John Does 1-20,<br>    Defendants. | Case No. CV-16-1494-PHX-DGC<br><br>**DEFENDANTS DAVID KOONAR'S MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION AND (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>ORAL ARGUMENT REQUESTED |

In the present case, the Plaintiffs Hydentra HLP Int. Limited and Hydentra L.P. HLP General Partner, Inc. (collectively, "Hydentra"), each of which is incorporated and operating under the laws of the Republic of Cyprus, have brought suit against Defendants Sagan Limited, a Republic of Seychelles company ("Sagan"); MXN Ltd., a Barbados Company ("CyberWeb");[1] Netmedia Services, Inc., a Canadian company ("Netmedia"); and David Koonar, a Canadian resident, concerning a website (Porn.com), which is owned and operated from entirely outside the United States.  What is lacking in the present action (and particularly as it applies to Mr. Koonar) is any relevant or substantial connection to the United States that could possibly justify the exercise of personal jurisdiction over him, consistent with the Due Process clause of the United States Constitution.  Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), Defendant David Koonar moves for the dismissal of the Complaint filed by Hydentra against him.

Even if the Court were to find personal jurisdiction proper, however, the Complaint would still need to be dismissed with respect to Mr. Koonar inasmuch as it fails to allege a single fact which would support liability against him.[2]  As such, pursuant to Fed. R. Civ.

---

[1] CyberWeb, Ltd. is the current name of the MXN, Ltd.  Because the Declarations submitted in connection with Defendants' Motions to Dismiss use the company's existing name, CyberWeb, the same name is used in this memorandum of law.

[2] Hydentra has a history of indiscriminately and baselessly naming individual defendants solely for the purpose of harassment and intimidation.  They have done so not only here, but also in Florida.  *See*, *e.g.*, *Hydentra HLP Int. Limited v. Pornvideoxo.com*, Case No. 2:15-cv-00240-DJH, Docket No. 14 (D. Ariz. Oct. 1. 2015) (filing suit against website "owners" who allegedly reside in Turkey and Ukraine); *Hydentra HLP Int. Limited v. Luchian*, 2016 WL 5951808, *17-18 (S.D. Fla. June 2, 2016) (dismissing at summary judgment claims against DMCA agent for website, as well as claims against corporate officer of website operator); *Hydentra, L.P. HLP General Partner, Inc. v. Siracusa Management S.A.*, Case No. 1:16-cv-20191 (S.D. Fla.) (filing suit against website

P. 12(b)(6), Defendant David Koonar moves for the dismissal of the Complaint filed by Hydentra against him.

In support of his Motion, Mr. Koonar states as follows:

**FACTS RELEVANT TO JURISDICTION**

The two Hydentra Plaintiffs are each foreign corporations organized under the laws of the Republic of Cyprus. Complaint, ¶¶ 1-2. Hydentra allegedly owns and operates a number of adult entertainment websites and is the owner of certain copyrights to the adult materials displayed at those websites.[3] Complaint, ¶¶ 28-36. In its complaint, Hydentra alleges that its intellectual property has been infringed as a result of four (4) videos which allegedly appeared at the website located at Porn.com. Complaint, *passim*.

CyberWeb is an owner of the Porn.com website. Declaration of Kristen Richardson in Support of Defendants' Motions to Dismiss ["Richardson Decl."], filed with CyberWeb and Sagan's Motion to Dismiss, ¶ 2. Neither Mr. Koonar nor Netmedia (of which Mr. Koonar is President) own the Porn.com website. Declaration of David Koonar in Support of Defendants' Motions to Dismiss ["Koonar Decl."], filed herewith, ¶¶ 1-3; Declaration of Philip Bradbury in Support of Defendants' Motions to Dismiss ["Bradbury Decl."], filed with Netmedia's Motion to Dismiss, ¶ 2. Although it is true that Netmedia provides general maintenance for the Porn.com website, it is also true that

---

operator and its alleged owner); *Hydentra HLP Int. Limited v. Maximum Apps Inc.*, Case No. 15-22463, Docket No. 86 (S.D. Fla. May 24, 2016) (granting motion to dismiss claims against officer of website operator).

[3] Although the Complaint lists Hydentra LP HLP General Partner Inc. as a Plaintiff in the case, none of the Copyrights asserted in the case are owned by that entity. Defendant reserves the right to move on this matter.

Netmedia provides such services for more than 30,000 other websites as well.  Koonar Decl., ¶ 4; Bradbury Decl., ¶ 3.  Only approximately 6% of Netmedia's overall man-hours are devoted to work performed for the Porn.com Website.  Koonar Decl., ¶ 5; Bradbury Decl., ¶ 4.

Mr. Koonar is *not* a corporate officer, director, or owner of CyberWeb (which is an owner of the Porn.com website).  Koonar Decl., ¶ 9.  Mr. Koonar receives a modest fixed salary from Netmedia, which is not based on Netmedia's performance (and certainly not on the Porn.com website's performance).  *Id.*, ¶ 13.  Because Mr. Koonar's compensation is wholly unrelated to the performance of the Porn.com website, it follows that he also does not receive any direct (or indirect) financial benefit that is, in any way, connected to the allegedly infringing videos at issue in this lawsuit or any video that appears at the Porn.com website.  *Id*.

In his role as President of Netmedia, Mr. Koonar is a high-level corporate executive who is not involved in reviewing or uploading content to the Porn.com website.  *Id.*, ¶ 14.  He does not direct or control the content that appears on the Porn.com website.  *Id.*, ¶ 15.  He did not upload the allegedly infringing files referenced in the Complaint; did not direct anyone to upload the files; nor does he have any knowledge or reason to believe that anyone on behalf of any of Netmedia uploaded the allegedly infringing files referenced in the Complaint.  *Id.*, ¶ 17.  Mr. Koonar did not participate in the allegedly infringing activity at issue in this matter, nor was he aware of any such activity.  *Id*.

Mr. Koonar is a resident of Windsor in Ontario, Canada.  *Id.*, ¶ 36.  Netmedia, the company for which he serves as President, is a Canadian company with its principal place

Koonar Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim

of business, offices, directors and employees located in Ontario, Canada. *Id.*, ¶ 37. At all relevant times, Mr. Koonar has never lived in the United States; never had a bank account in the United States; never owned or leased real estate in the United States; never paid taxes in the United States; never had a telephone number in the United States; and does not have an agent for the service of process in the United States. *Id.*, ¶¶ 38-44. Mr. Koonar's visits to the United States have been limited to short family vacations. *Id.*, ¶ 45.

To the extent that Mr. Koonar's name was ever associated with the registration of the Porn.com domain name, it was as a contact person for CyberWeb (which was known as MXN Ltd.) because of Netmedia's help on technical aspects of the website. *Id.*, ¶ 20. In any case, Mr. Koonar's name has not been associated with the registration of the Porn.com domain name since 2014 (and, even then, not intentionally). *Id*.

## FACTS RELEVANT TO FAILURE TO STATE A CLAIM

Hydentra's 25-page, 128-paragraph mentions Mr. Koonar in only two paragraphs. Complaint, ¶¶ 8, 38. The sum total of the allegations in the Complaint concerning Mr. Koonar are that: (1) at some point in time he was listed as the registrant and administrative contact for the Porn.com website; and (2) that (based apparently on this allegation), "upon information and belief, in conjunction with the other Defendants, David Koonar owns and/or operates Porn.com…" Complaint, ¶¶ 8, 38.

## ARGUMENT

I.   **Legal Standard – Rule 12(b)(2)**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."

1  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  *See*, *also*, *Ziegler v.*
2  *Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).  "When a defendant moves to
3  dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with
4  facts, by affidavit or otherwise, supporting personal jurisdiction.'"  *Scott v. Breeland*, 792
5  F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Marketing Systems, Inc. v. Jobar*
6  *International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

## II. The Complaint Must be Dismissed as to Mr. Koonar Because the Court Lacks Personal Jurisdiction Over Him.

Hydentra alleges that Mr. Koonar is subject to personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).  Complaint, ¶ 24.  Rule 4(k)(2) provides for personal jurisdiction where: (1) the claim against the defendant arises under federal law; (2) the defendant is not subject to the jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution.  *Holland America Line, Inc. v. Wartsila North America, Inc.,* 485 F.3d 450, 461 (9th Cir. 2007).  For the present motion, it is only the third element which is disputed.

"The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendants] and the forum state, we consider contacts with the nation as a whole." *Holland America*, 485 F.3d at 462 (citing *Pebble Beach*, 453 F.3d at 1159).

The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction.[4]  Specific jurisdiction "exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997)). If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.  *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Indeed, "a higher jurisdictional barrier" exists where the defendants are aliens as opposed to simply citizens from different states "because important sovereignty concerns exist." *Sinatra v. National Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988) (citations omitted).

Additionally, a plaintiff may not attempt to aggregate the contacts of all of the Defendants.  Instead, "each defendant's contacts with the forum state must be assessed

---

[4] As this Court has held, "general jurisdiction would never apply in the context of Rule 4(k)(2), because if a defendant had the continuous and systematic presence required for general jurisdiction, it would be subject to suit in the state where it has such presence and Rule 4(k)(2) would therefore not apply." *AMA Multimedia LLC v. Sagan Ltd.*, 2016 U.S. Dist. LEXIS 141934, *6 (D. Ariz. Oct. 13, 2016).

individually rather than simply viewing them collectively." *Calder v. Jones*, 465 U.S. 783, 790 (1984).  *See*, *also*, *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("The Minnesota court also attempted to attribute State Farm's contacts to Rush by considering the 'defending parties' together and aggregating their forum contacts in determining whether it had jurisdiction.  The result was the assertion of jurisdiction over Rush based solely on the activities of State Farm.  Such a result is plainly unconstitutional."); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

In the present case, there is not a single factual allegation in the Complaint to establish personal jurisdiction over Mr. Koonar.  Instead, the Complaint alleges only that – at some point in time – Mr. Koonar was listed as the registrant and/or administrative contact for the Porn.com website.[5]  From this, the Plaintiffs incorrectly assume that Mr. Koonar must have been an owner or operator of the Porn.com website.  Plaintiff's assumption is simply wrong.  Koonar Decl., ¶ 3.

The Complaint contains no allegation that Mr. Koonar "performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum." *Bancroft & Masters*, 223 F.3d at 1086.  The Complaint contains no allegation that the Plaintiffs' claims arise "out

---

[5] In fact, To the extent that Mr. Koonar's name was ever associated with the registration of the Porn.com domain name, it was as a contact person for CyberWeb (which was known as MXN Ltd.) because of Netmedia's help on technical aspects of the website. Koonar Decl., ¶ 20.  In any case, Mr. Koonar's name has not been associated with the registration of the Porn.com domain name since 2014 (and, even then, not intentionally). *Id*.

of or results from the defendant's forum-related activities" (unsurprising since the Complaint alleges no such forum related activities). *Id.* And, the Complaint contains no facts from which the Court could conclude that the exercise of jurisdiction over Mr. Koonar is reasonable.

To the contrary, as established by declaration, Mr. Koonar is a Canadian resident who has, at all relevant times, never lived in the United States; never had a bank account in the United States; never owned or leased real estate in the United States; never paid taxes in the United States; never had a telephone number in the United States; and does not have an agent for the service of process in the United States. Koonar Decl., ¶¶ 36-44. To the extent that Mr. Koonar has visited the United States, such visits have been limited to short family vacations. *Id.*, ¶ 45.

Given the wholesale lack of factual support (or allegations) contained in the Complaint, it is hard to understand how Hydentra even believed it had a good faith basis for asserting a jurisdictional basis (or claims) against Mr. Koonar. Given further the wholesale lack of allegations concerning Mr. Koonar's contacts with the United States, he does not – in this motion – address the factors generally utilized to determine whether an exercise of jurisdiction would be reasonable. To the extent that the Court deems it necessary to consider such factors, Mr. Koonar adopts and incorporates by reference the arguments presented by the other Defendants in their respective Motions to Dismiss.

Accordingly, the Complaint must be dismissed with respect to Mr. Koonar for a lack of personal jurisdiction.

### III. The Complaint Also Fails to State a Claim Upon Which Relief May be Granted With Respect to Mr. Koonar.

In the alternative, Mr. Koonar is entitled to dismissal of the Complaint against him as the Complaint fails to state a claim upon which relief may be granted.

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the plausibility standard "is not akin to a 'probability requirement," it does require more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Dismissal is appropriate where the complaint lacks a cognizable legal theory or lacks sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

In the present case, there is not a single alleged fact from which the Court could conclude that Mr. Koonar was personally liable to Hydentra. Although Hydentra alleges that Mr. Koonar was (at one point in time) listed as the registrant and/or administrative

contact for the Porn.com website, it is an unsupported and unreasonable inference to suggest this means that Mr. Koonar himself owns or operates the Porn.com website. The Court need not accept as true such unsupported (and unsupportable) inferences. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) ("[W]e do not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations.").

Because the Complaint is devoid of allegations against Mr. Koonar from which the Court could plausibly infer misconduct on his part, the Complaint against him must be dismissed.

## **CONCLUSION**

For the reasons stated hereinabove, Mr. Koonar respectfully requests that the Complaint against him be dismissed in accordance with Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and/or for a failure to state a claim upon which relief may be granted in accordance with Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

| | |
|---|---|
| /s/ Valentin D. Gurvits | /s/ Evan Fray-Witzer |
| Valentin D. Gurvits (*Pro Hac Vice*) | Evan Fray-Witzer (*Pro Hac Vice*) |
| Matthew Shayefar (*Pro Hac Vice*) | CIAMPA FRAY-WITZER, LLP |
| BOSTON LAW GROUP, PC | 20 Park Plaza, Suite 505 |
| 825 Beacon Street, Suite 20 | Boston, Massachusetts 02116 |
| Newton Centre, Massachusetts 02459 | Telephone: (617) 426-0000 |
| Telephone: (617) 928-1806 | Facsimile: (617) 423-4855 |
| Facsimile: (617) 928-1802 | Evan@CFWlegal.com |
| vgurvits@bostonlawgroup.com | |
| matt@bostonlawgroup.com | |

*Attorneys for Defendant David Koonar*

Dated: March 10, 2017

**Certificate Pursuant to Court's Order (Docket No. 26)**

Pursuant to the Court's Order dated January 6, 2017 (Docket No. 26), undersigned counsel hereby certifies that on February 28, 2017 he met and conferred by telephone with counsel for Plaintiffs to determine whether an amendment could cure the deficiencies in the Complaint. The Parties were unable to agree that the Complaint was curable by a permissible amendment.

/s/ Matthew Shayefar, Esq.
Matthew Shayefar, Esq.

**Certificate of Service**

I hereby certify that on March 10, 2017, I electronically submitted the above document to the Clerk of the United States District Court, District of Arizona, using the online e-filing system.

/s/ Matthew Shayefar, Esq.
Matthew Shayefar, Esq.