LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP INT. Limited, a foreign corporation, d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation, d/b/a METART d/b/a SEXART, <br><br> Plaintiffs, <br> v. <br><br> Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; NetMedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; David Koonar, an individual, *et. al.,* <br><br> Defendants. | Case No. CV-16-1494-PHX-DGC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION AND (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

Plaintiffs, Hydentra HLP INT. and Hydentra, L.P. HLP (collectively "Hydentra"), hereby oppose David Koonar's Motion to Dismiss for (1) Lack of Personal Jurisdiction and (2) Failure to State a Claim Upon Which Relief Can Be Granted.

## I.    INTRODUCTION

The web site Porn.com is clearly targeted and directed towards United States viewers such that the operators of the site have purposefully availed themselves to the

United States forum.  The claims herein arise out of this contact with the United States, providing for jurisdiction here.

Defendants have created multiple "companies," each directly involved with the ownership or operation of Porn.com.  David Koonar is the lynchpin to all companies and in control of Porn.com.  There is no question that Koonar is an operator of Porn.com.

Jurisdiction in the United States has already been determined for Porn.com.  *AMA Multimedia, LLC v. Sagan Limited, et al.,* United States District Court District of Arizona Cause No. CV-16-1269-PHX-DGC ("*AMA v. Sagan, Ltd., et al.*") (For the Court's convenience, this has been attached as Exhibit A to Declaration of Spencer S. Freeman, attached hereto as **Exhibit A**.)

## II.    FACTUAL BACKGROUND

In opposition to Sagan Limited and MXN, Ltd. (Cyberweb) motions to dismiss for lack of personal jurisdiction, Hydentra has outlined in detail the manner in which Porn.com intentionally and specifically targets the United States market.  Rather than repeating such factual assertions here, Hydentra incorporates such facts by reference to Doc. 38.

This Motion only deals with Defendant David Koonar's ("Koonar") involvement with Porn.com and, thus, the United States.  To understand the true extent of Koonar's involvement with Porn.com, one must understand the structure under which Porn.com operates.  It then becomes clear that Koonar is an operator of Porn.com.

### A.    The Porn.com Structure



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[2]  Attached as part of **Exhibits B, C and H** are two charts, accompanying the deposition testimony, illustrating the structure and connection of the entities as well as the flow of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



**III.   LEGAL ARGUMENT**

Koonar asks this Court to dismiss this action against it on the grounds of lack of personal jurisdiction and that the complaint fails to state a claim upon which relief can be granted. Both motions fail.

**A.   Personal Jurisdiction**

In Hydentra's Opposition to Sagan and MXN/Cyberweb's Motion to Dismiss for Lack of Personal Jurisdiction, Hydentra presented the standards for establishing jurisdiction of a foreign defendant in a United States Court. Doc. 38. Hydentra will not restate those legal standards and arguments herein, but rather incorporates by reference.

1    Koonar is subject to specific personal jurisdiction under FRCP 4(k)(2), often

2 referred to as the federal long-arm statute. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1159

3 (9th Cir. 2006).  Analysis of the federal long-arm statute is coextensive with Arizona's.

4 *See*, Ariz.R.Civ.P. 4.2(a); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir.

5 1997); *Schwarzenegger*, 374 F.3d at 800.

6    The Ninth Circuit Court of Appeals articulated the following three-prong test for finding

7 personal jurisdiction:

8    (1)  The non-resident defendant must purposefully direct his activities or
     consummate some transaction with the forum or resident thereof; or perform some
9    act by which he purposefully avails himself of the privilege of conducting
     activities in the forum, thereby invoking the benefits and protections of its
10   laws; (2) the claim must be one which arises out of or relates to the defendant's
     forum-related activities; and (3) the exercise of jurisdiction must comport with fair
11   play and substantial justice, *i.e.* it must be reasonable.  *Schwarzenegger*, 374 F.3d
     at 802.
12

13

14    "The plaintiff bears the burden of satisfying the first two prongs of the test." If

15 the plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to

16 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.,*

17 374 F.3d at 802.

18    As outlined and argued by Hydentra in Doc. 38, Porn.com meets the standards of

19 purposely availing to the forum of the United States and the claims arise our of Porn.com's

20 forum related activities.  This was also already specifically determined by the Court in *AMA v.*

21 *Sagan, Ltd., et al.*

22    Thus, the true issue presented by Koonar's motion is whether Koonar is an

23 operator of Porn.com.  He is.

24    Although the burden is on Hydentra to demonstrate that the court has jurisdiction

25 over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make

26 "a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss."

1    *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010);

2    *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).   Not only are

3    Hydentra's uncontroverted allegations taken as true, but all conflicts between the facts

4    must be resolved in Hydentra's favor.   *Brayton* at 1127; *Rio Props., Inc. v. Rio Int'l*

5    *Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *Pebble Beach*, 453 F.3d at 1154.

6         Mr. Koonar is attempting to use the fiduciary shield doctrine to protect himself

7    from jurisdiction in the U.S.   Under the fiduciary shield doctrine, a person's mere

8    association with a corporation that causes injury in the forum state is not sufficient in

9    itself to permit that forum to assert jurisdiction over the person.   *Davis v. Metro*

10   *Productions, Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).   However, the corporate shield

11   doctrine is limited in application.   It is true that Mr. Koonar cannot be subject to

12   jurisdiction *just for being an employee,* but his individual actions and his "official

13   capacity" within the defendant corporations subject him to jurisdiction.  *See, e.g., Allstar*

14   *Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120-21 (C.D. Cal.

15   2009), *citing Calder v. Jones*, 465 U.S. 783, 789-90, 104 S. Ct. 1482, 79 L. Ed. 2d 804

16   (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, n. 13, 104 S. Ct. 1473, 79

17   L. Ed. 2d 790 (1984).   Mr. Koonar cannot be shielded as an employee when acting

18   individually or in his official capacity in any way aimed at the U.S.

19         The Ninth Circuit has noted with approval language in a First Circuit opinion that

20   "cases which have found personal liability on the part of corporate officers have typically

21   involved instances where the defendant was the 'guiding spirit' behind the wrongful

22   conduct . . . or the 'central figure' in the challenged corporate activity.'"  *Allstar Mktg.*,

23   *supra*, at 1120-21.   Courts have found a corporate officer's contacts on behalf of a

24   corporation sufficient to subject the officer to personal jurisdiction where the officer "is a

25   'primary participant' in the alleged wrongdoing **_or_** "had 'control of, and direct

26   participation in the alleged activities.'"   *Id.; see also, Wyatt Technology Corp. v.*

*Smithson*, No. CV 05-1309 WMB (RZx), 2005 WL 6132329, *6 (C.D. Cal. 2005) ("[I]f the agent is…'actively and personally involved in the conduct giving rise to the claim,' he may be subject to jurisdiction in the plaintiff[']s forum state[.]"  *See also, Matsunoki Group, Inc.*, 2009 U.S. Dist. LEXIS 37573, 2009 WL 1033818 at *3-4, *citing*, *International Mfg. Co. v. Landon, Inc*., 336 F.2d 723, 728 (9th Cir. 1964)(Same "conscious force" analysis for corporate director liability and jurisdiction).

   Mr. Koonar is Porn.com.  He negotiated for the purchase of the Porn.com domain on behalf of Cyberweb; he created Sagan, Ltd. to hide Cyberweb as owner of Porn.com; he created the "contract" between Cyberweb and GIM (of which he is President and sole Director) for the operation of Porn.com; he created the "sub-contract" between GIM and Netmedia (of which he is President and a Director of both entities) to utilize Netmedia's services; and, he then alleges to operate under a GIM "Partnership Agreement" to generate revenue on Porn.com.  Mr. Koonar is solely responsible for the "contracts" that result in the operational tasks for every function and aspect of Porn.com.  The sole purpose of Porn.com is to stream adult entertainment videos while earning revenue generated from Internet traffic and advertisements.  Mr. Koonar is responsible for the "contracts" that result in the profitability of Porn.com.  All decisions of the operation of Porn.com, the manner in which it generates revenue, and the videos displayed on Porn.com ultimately reside with Mr. Koonar.

   Mr. Koonar is the guiding spirit behind the operations of Porn.com, including how and what videos are displayed and how the website generates revenue.  Mr. Koonar has

control of the operation of Porn.com, the videos displayed, and he is an active participant in such operation and display of videos.  Thus, Mr. Koonar cannot be protected by the fiduciary shield doctrine, and the contacts of Porn.com must be attributed to him.

As Hydentra has satisfied the first two prongs related to Porn.com and established that Koonar is, in fact, an operator of Porn.com, the burden shifts to Koonar to 'present a compelling case' that the exercise of jurisdiction would not be reasonable.

Where the first two requirements of specific personal jurisdiction are met, "in order to satisfy the Due Process Clause, the exercise of personal jurisdiction must be reasonable"; that is, "it must comport with 'fair play and substantial justice.'" *Panavision*, 141 F.3d at 1322 (quoting *Burger King*, 471 U.S. at 476). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477; *see also Schwarzenegger*, 374 F .3d at 802. In determining reasonableness, courts consider seven factors:

> (1)    the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Rio*, 284 F.3d at 1021.

Here, all seven factors support exercising jurisdiction over Koonar, and Mr. Koonar did not even *address* the relevant factors in its motion.

First, as an operator of Porn.com, Koonar has extensively interjected in the forum.

Second, Mr. Koonar cannot argue a substantial burden to litigate this matter in the United States when he was one of the original Plaintiffs that sued in the Barbados action (personally).  He can never show it would be burdensome or costly to travel to the U.S. (a stone's throw from Whistler, Canada), when he is willing to travel to Barbados repeatedly.

Mr. Koonar did not even attempt to show that Barbados would be less costly or burdensome than the United States.

Third, Koonar fails to explain why Canada has more compelling interest in governing actions in the U.S. which violate U.S. copyright laws.

Fourth, Koonar fails to explain why this forum does not have a particular interest in adjudicating this dispute.  This Court has already agreed that U.S. District Courts certainly have significant interests in resolving disputes of U.S. copyright infringements by foreign defendants.  By Koonar operating Porn.com in the U.S., this District Court can surely find a particular interest in this case.

Fifth, Koonar cannot stand behind the proposition that no parties or witnesses are located in the U.S. when Hydentra is undisputedly operating out of California (and multiple witnesses and discovery of the servers/hosting companies will be in the U.S.).

Sixth, since the servers that displayed Hydentra's content are located here in Arizona and other parts of the United States, as the Content Delivery Network servers are through Limelight with headquarters in Arizona, Arizona is the most convenient forum to obtain effective relief.  These servers are more easily accessed in discovery, which would then be governed by this Court.  Moreover, Hydentra's works are protected by U.S. copyrights and its members are based in the U.S.

Seventh, Mr. Koonar's "home country" of Canada surely does not respect the copyrights of U.S. law, as Canadian law apparently involves multiple "privileges" wherein Mr. Koonar and his employees avoided deposition questions and discovery.  Mr. Koonar cannot show that Canada is an appropriate forum to adjudicate U.S. Copyright law, nor did he suggest that **any** alternative forum should apply.  He ignored this entirely.

By ignoring all of the factors of reasonableness, this Court cannot guess what arguments Mr. Koonar "meant" to propose.  Simply, Hydentra's reasonableness analysis must be accepted here, and this Court should find U.S. jurisdiction more than reasonable.

**B.     The Complaint Properly Asserts a Claim Against Koonar.**

Koonar asserts that the Complaint filed against it, Doc. 1, fails to state claim upon which relief can be granted.  Koonar is wrong.  Koonar's Motion is the exact same as that filed simultaneously by Netmedia.  Hydentra filed an opposition to Netmedia's Motion, Doc. 40, outlining the legal and factual reasons that Netmedia is wrong.  The same exact reasoning, analysis and facts apply to Koonar's motion.  Rather than merely reiterating the facts and analysis here, Hydentra adopts and re-asserts them by  this reference.

Hydentra's complaint clearly satisfies Fed.R.Civ.P. 8(a)(2) and, thus, Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be denied.

**III.     CONCLUSION**

For the reasons stated herein, Hydentra respectfully requests that the Court deny Defendant David Koonar's Motion to Dismiss for Lack of Personal Jurisdiction, consistent with the Court's ruling in *AMA v. Sagan, Ltd., et al.*  Hyentra also respectfully requests that the Court find that the Complaint satisfies Fed.R.Civ.P. 8(a)(2) and deny Defendant Koonar's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

DATED this 19th day of April, 2017.

**MANOLIO & FIRESTONE, PLC**

By:   /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on the 19th day of April, 2017, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing.   Copies will be transmitted via CM/ECF to the following recipients:

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA  02116
Evan@CFWlegal.com
*Attorneys for Defendants*

Valentin D. Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
vgurvits@bostonlawgroup.com
*Attorneys for Defendants*

Matthew Shayefar
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
matt@bostonlawgroup.com
*Attorneys for Defendants*


Courtesy Copy sent by electronic mail this same date to:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants*


By: ___/s/ Gina Murphy_____