LAW OFFICES
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

Hydentra HLP INT. Limited, a foreign corporation, d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation, d/b/a METART d/b/a SEXART,

Plaintiffs,

v.

Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; NetMedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; David Koonar, an individual, *et. al.*,

Defendants.

Case No. CV-16-1494-PHX-DGC

**PLAINTIFFS' OPPOSITION TO DEFENDANT NETMEDIA SERVICES, INC.'S MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION AND (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs, Hydentra HLP INT. and Hydentra, L.P. HLP (collectively "Hydentra"), hereby oppose Netmedia Services, Inc.'s Motion to Dismiss for (1) Lack of Personal Jurisdiction and (2) Failure to State a Claim Upon Which Relief Can Be Granted.

## I. INTRODUCTION

The web site www.Porn.com is clearly targeted and directed towards United States viewers such that the operators of the site have purposefully availed themselves to the

United States forum. The claims herein arise out of this contact with the United States, providing for jurisdiction here.

Defendants have created multiple "companies," each directly involved with the ownership or operation of Porn.com. One of these companies is Netmedia Service, Inc. Netmedia has admitted to operating Porn.com, uploading content on Porn.com, and performing reviews of user uploads to Porn.com. There is no question that Netmedia is an operator of Porn.com.

Jurisdiction in the United States has already been determined for Porn.com. *AMA Multimedia, LLC v. Sagan Ltd, et al.*, United States District Court District of Arizona Cause No. CV-16-1269-PHX-DGC ("*AMA v. Sagan, Ltd., et al.*") at Doc. 69. (For the Court's convenience, this has been attached to Declaration of Spencer Freeman, **Exhibit A** here.)

## II. FACTUAL BACKGROUND

In opposition to Sagan Limited and MXN, Ltd. (Cyberweb) motions to dismiss for lack of personal jurisdiction, Hydentra has outlined in detail the manner in which Porn.com intentionally and specifically targets the United States market. Rather than repeating such factual assertions here, Hydentra incorporates such facts by reference to Doc. 38, the recently-filed opposition to Defendants' Sagan and Cyberweb Motions.

Specific to Defendant Netmedia Services, Inc.'s ("Netmedia"), Netmedia has clearly shown its involvement with Porn.com (and, thus, the United States), and Netmedia has clearly admitted it is an operator of Porn.com in numerous court filings [REDACTED].[1]

[1] Netmedia, along with other Defendants herein, produced documents and deposition testimony pursuant to jurisdictional discovery in *AMA v. Sagan, Ltd., et al.*, subject to a Protective Order. In order to avoid the time and expense of similar jurisdictional discovery here, Defendants have agreed to the use of the AMA discovery in this case, subject to the same Protective Order and designations.

Netmedia is a Claimant in an action filed against AMA Multimedia, LLC in the Supreme Court of Barbados, which action pertains to videos posted on Porn.com. Therein, Netmedia admits that it has a contract with the owners of Porn.com for both maintenance and *operation* of Porn.com, specifically stating:

> Netmedia has a technical services agreement with Cyberweb Ltd. pursuant to which it provides certain general services pertaining to maintenance and *operation* of Cyberweb Ltd. websites.

Statement of Claim, ¶ 1.2.1. (Emphasis added) (The Statement of Claim is Exhibit B to Declaration of Spencer Freeman, *see* **Exhibit A**) Porn.com is the Cyberweb website.

Further, in the Barbados action, Netmedia's role is further expanded and explained, which includes the uploading of content to Porn.com:

> Claimant Netmedia Services Inc. provides technical programming, design and other services, which may relate to the uploading of content to websites that are supported by an advertising management system – Traffic Force, for the benefit of Traffic Force, GIM Corp, SAGAN Ltd, and Cyberweb Ltd.

Statement of Claim, ¶ 4.4.3 (Emphasis added). Porn.com is a website supported by Traffic Force.

In its operational capacity for Porn.com, Netmedia implements a human review process regarding content uploaded to Porn.com, specifically tailored to content producers that are members of Porn.com's Content Partnership program. Declaration of P. Bradbury, ¶ 2, *AMA v. Sagan, Ltd., et al.*, Doc. 72-1. Mr. Bradury admits to this level of operational control over Porn.com in this litigation. (Doc. 36-1).

While Defendants downplay the role of Netmedia, and asserts that Cyberweb owns and operates Porn.com, [REDACTED] Deposition of Kristen Richardson, **Exhibit B** at pp. 33-36. [REDACTED]

[redacted] (This directly contradicts Mr. Richardson's previous Declaration, swearing that he maintains Cyberweb's "books, records and accounting on a full-time basis" from Barbados. (*See*, Doc. 61-2 in the AMA case).)

[redacted]

---

2 [redacted]

[redacted]

[redacted]

## III. LEGAL ARGUMENT

Netmedia asks this Court to dismiss this action against it on the grounds of lack of personal jurisdiction and that the complaint fails to state a claim upon which relief can be granted. Both motions fail.

### A. Personal Jurisdiction

In Hydentra's Opposition to Sagan and MXN/Cyberweb's Motion to Dismiss for Lack of Personal Jurisdiction, Hydentra presented the standards for establishing jurisdiction of a foreign defendant in a United States Court. Doc. 38. Except to the extent necessary to ensure continuity for the reader, Hydentra will not restate those legal standards and arguments herein, but rather incorporates them by reference.

Netmedia is subject to specific personal jurisdiction under FRCP 4(k)(2), often referred to as the federal long-arm statute. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1159 (9th Cir. 2006). Analysis of the federal long-arm statute is coextensive with Arizona's. *See*, Ariz.R.Civ.P. 4.2(a); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997); *Schwarzenegger*, 374 F.3d at 800.

The Ninth Circuit Court of Appeals articulated the following three-prong test for finding personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Schwarzenegger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test." If the plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*, 374 F.3d at 802.

As outlined and argued by Hydentra in Doc. 38, Porn.com meets the standards of purposely availing to the forum of the United States and the claims arise out of Porn.com's forum related activities. This was also already specifically determined by the Court in *AMA v. Sagan, Ltd., et al. See,* Exhibit A to Spencer Freeman's Declaration here.

Thus, the true issue presented by Netmedia's motion is whether Netmedia is an operator of Porn.com. It is.

Although the burden is on Hydentra to demonstrate that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make "a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Not only are Hydentra's uncontroverted allegations taken as true, but all conflicts between the facts must be resolved in Hydentra's favor. *Brayton* at 1127; *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *Pebble Beach*, 453 F.3d at 1154.

The operation of a web site is an intentional act for purposes of jurisdictional analysis. *Brayton*, *supra*, at 1128-29; *Rio, supra,* at 1020. Where a website with forum viewership and scope appeals to and profits from an audience in the forum, the site's operators have "expressly aimed" at that forum. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011).

When Netmedia sought dismissal in the *AMA* case, Philip Bradbury filed a sworn Declaration claiming that Netmedia only "provides general maintenance of certain websites, including Porn.com...." *AMA v. Sagan, Ltd., et al.* Doc. 27-3 at ¶12. This statement (under oath) intended this Court to infer that Netmedia had minimal involvement with Porn.com, only to include "general maintenance." By contrast, when deposed,





For all intents and purposes, Netmedia operates Porn.com, making jurisdiction proper over this entity.

As Hydentra has satisfied the first two prongs related to Porn.com and established that Netmedia is, in fact, an operator of Porn.com, the burden shifts to Netmedia to 'present a compelling case' that the exercise of jurisdiction would not be reasonable.

Where the first two requirements of specific personal jurisdiction are met, "in order to satisfy the Due Process Clause, the exercise of personal jurisdiction must be reasonable"; that is, "it must comport with 'fair play and substantial justice.'" *Panavision*, 141 F.3d at 1322 (quoting *Burger King*, 471 U.S. at 476). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477; *see also Schwarzenegger*, 374 F .3d at 802. In determining reasonableness, courts consider seven factors:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Rio*, 284 F.3d at 1021.

Here, all seven factors support exercising jurisdiction over Sagan and Sagan has failed to present a compelling case that jurisdiction is unreasonable.

First, as an operator of Porn.com, Netmedia has extensively interjected itself in this forum. This Court has already ruled as such. *See*, Exhibit B to S. Freeman Declaration (Doc. 69 in the *AMA v. Sagan, et. al.* matter). As this Court already found, "Porn.com has made substantial interjections into the United States," and "...as an owner/operator of Porn.com, Sagan has interjected itself by engaging in relationships with United States companies and advertisers to directly target the United States for commercial gain." *Id.* at Doc. 69, p. 11. That analysis equally applies to Netmedia in this instance, as Netmedia is an operator of the website.

Second, it is disingenuous for Netmedia to argue a substantial burden to litigate this matter in the United States when it filed a similar action in Barbados. Netmedia fails to explain how **Barbados** is less costly or burdensome than the United States. It seems obvious that travel to the United States from Canada will be less costly and burdensome than travel to Barbados. Additionally, most, if not all, discovery can be achieved by electronic means these days (meaning that there is no weight to be given to the fact that "records are maintained" outside of this jurisdiction).

Third, Netmedia fails to explain why Barbados or Seychelles has more compelling interest in governing actions in the U.S. which violate U.S. copyright laws. The alleged infringement is protected under U.S. law, and the Defendants' acts arise from their substantial contacts directed at the U.S. for their own commercial gain. Therefore, neither Barbados nor the Seychelles has a more "compelling" interest in resolving the infringement of U.S.-copyrighted works.

Fourth, Netmedia fails to explain why this forum does not have a particular interest in adjudicating this dispute. Hydentra runs a location in the U.S., employs U.S. citizens (including accountants, assistants, and programmers), ***pays taxes in the U.S.*** (including business taxes and employment taxes), caters to a U.S. customer base, and seeks U.S. copyright protections to protect its U.S. market-share. *See*, Doc. 38. U.S. District Courts

certainly have significant interests in resolving disputes of U.S. copyright infringements by foreign defendants. By Defendants operating Porn.com in the U.S., this District Court can surely demonstrate a particular interest in this case.

Fifth, Netmedia may argue a lack of judicial efficiency here, arguing that no party or witness is located in the United States. That is not true, as Hydentra witnesses and employees very well reside in the U.S. Additionally, The videos displayed in this case were served from Content Delivery Network Limelight, **located here in Arizona**. The harm occurred in Arizona. More importantly, Defendants fail to offer a more efficient forum to decide infringement of U.S. copyrights.

Sixth, Defendants cannot simply argue a mere "inconvenience" of litigation here, while Hydentra demonstrated that Arizona is the location of the CDN servers. These servers can be more easily accessed in discovery, which would be governed by this Court. Similarly, Hydentra is predominantly operated from Santa Monica, California and has U.S.-based activities that require U.S. copyright protections. The **U.S.** is the proper forum here, and the U.S. surely has an interest in conveniently and effectively resolving its copyright law disputes.

Seventh, Defendants argue that their "home countries" each "respect copyrights" and therefore are adequate alternative forums for this suit. However, these infringements occurred **in the United States** through acts of Defendants **aimed at the United States.** No other forum should be deemed "adequate" to deal with matters that clearly involve United States copyrighted works that are governed by U.S. **law**. No other forum could reasonably decide the extent of protections or liabilities like this U.S. Court can.

### B. The Complaint Properly Asserts a Claim Against Netmedia.

Netmedia asserts that the Complaint filed against it, Dkt. No. 1, fails to state claim upon which relief can be granted. That argument is not accurate.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). In reviewing a motion to dismiss, courts must accept the alleged facts as true. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1100 n.1 (9th Cir. 2008); *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1164 n.1 (9th Cir. 2007). Dismissal for failure to meet the standards in Rule 8(e) is appropriate only in limited circumstances where a complaint proves patently verbose, confusing, and rambling. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. *Twombly,* 550 U.S. at 555. A plaintiff's obligation is to provide the "grounds" of his "entitle[ment] to relief." This, understandably, does require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id.*, *citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555, *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Twombly,* 550 U.S. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 556. The Supreme Court in *Iqbal* further explained and emphasized the two underlying principles for its ruling in *Twombly*.

First, while a court must accept true all allegations contained in a complaint, this tenet applies only to factual allegations and not pure legal allegations. The Court recognized that Fed.R.Civ.P. 8 marks a "notable and generous departure from the hypertechnical, code-pleading regime of a prior era," however mere legal conclusions will not "unlock the doors of discovery." Bottom line is that a company must present more than "threadbare recitals of the elements of a cause of action" supported by mere conclusory statements. *Iqbal,* 556 U.S. at 678-79; *Twombly,* 550 U.S. at 555-56.

Second, a complaint that states a *plausible* claim for relief survives a motion to dismiss. *Iqbal,* 556 U.S. at 679; *Twombly,* 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

Factual allegations only need be enough to raise a right to relief above the level of speculation. *Twombly,* 550 U.S. at 556. Further, a motion to dismiss for failure to state a claim is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case. *Chavez v. Blue Sky Nat. Bev. Co.*, 340 F. App'x 359, 360 (9th Cir. 2009), *citing* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004).

In *Mendiondo,* the complaint for wrongful termination, identified several specific practices that allegedly compromised patient care, alleged Plaintiff complained to her supervisor and the company CEO about substandard patient care, and alleged that defendant terminated her "because she demanded that minimum state and federal standards of health care be maintained." *Mendiondo*, 521 F.3d at 1105. The Ninth Circuit overturned the trial court's dismissal, finding that the complaint provides fair notice of the wrongs allegedly committed by defendants and does not qualify as overly verbose, confusing, or rambling. Thus, the allegations were sufficient under Rule 8 FRCP to survive dismissal. *Id.*

In this case, Netmedia pled sufficient facts that demonstrate all of the requirements announced in *Twombly*, *Iqbal*, and *Mendiondo*. A review of the Complaint filed herein (Doc. 1) quickly establishes that Hydentra has alleged much more than legal conclusions against Netmedia, but rather specific acts of Netmedia which resulted in the unlawful infringement of Hydentra's videos on Porn.com, as follows (of which, for purposes of this motion, the Court must accept as true fact):

- Paragraph 7 of the Complaint alleges that Netmedia operates Porn.com.
- Paragraph 57 of the Complaint alleges that the videos on Porn.com are posted on the site as a result of the actions of Defendants. Netmedia is a Defendant.
- Paragraphs 58-64 of the Complaint alleges that the Defendants (Netmedia is a Defendant and specifically alleged operator of Porn.com) utilize a "scraping" function to obtain high quality videos from other Internet web sites to display on Porn.com; the manner in which the Defendants utilized the scraping; and the manner in which it can be detected that videos on Porn.com were displayed as a result of scraping rather than user uploaded videos.
- Paragraph 65 of the Complaint alleges that 4 Hydentra videos were displayed on Porn.com without authority, license, or permission.
- Paragraphs 66-70 of the Complaint outlines the specific reasons and evidence which establishes that the Hydentra videos posted on Porn.com were subject to the alleged scraping procedures and functions, performed by Defendants (Netmedia is a Defendant and specifically alleged operator of Porn.com).
- Paragraph 71 of the Complaint specifically states that Hydentra's videos on Porn.com were uploaded by the Defendants (Netmedia is a Defendant and

specifically alleged operator of Porn.com).

- Paragraph 72 of the Complaint specifically states the manner in which Defendants (Netmedia is a Defendant and specifically alleged operator of Porn.com) profit directly from their posting of Hydentra's videos.
- Paragraph 73 of the Complaint specifically states that Defendants (Netmedia is a Defendant and specifically alleged operator of Porn.com) hand select Hydentra's copyrighted images for use throughout Porn.com.

It is clear and obvious that Hydentra has done far more than present a mere "formulaic recital of the elements" of a copyright action and, in fact, has presented well more than enough to raise its right to relief above "speculation." Hydentra stated that Defendants, including Netmedia, affirmatively took Hydentra copyrighted videos and images to post on Porn.com, and Hydentra described the precise manner in which the Defendants, including Netmedia, accomplished these tasks.

Netmedia asserts that the Complaint fails to allege a single facts upon which the Court could conclude that Netmedia could be liable the Hydentra, pretending that Hydentra only complains how Netmedia owns and operates the website(s). This simply is not true. Rather, Hydentra has outlined *specific* facts to make Netmedia liable for infringement, which is a sufficient factual basis as upheld by the decisions in *Mendiondo, et. al., supra.*

## III. CONCLUSION

For the reasons stated herein, Hydentra respectfully requests that the Court deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, consistent with the Court's ruling in *AMA v. Sagan, Ltd., et al.* Hyentra also respectively requests that the Court find that the Complaint satisfies 8(a)(2) FRCP and deny Defendant's Motion to Dismiss pursuant to 12(b)(6) FRCP.

/ / /

DATED this 19th day of April, 2017.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2017, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF to the following recipients:

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
Evan@CFWlegal.com
*Attorneys for Defendants*

Valentin D. Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
vgurvits@bostonlawgroup.com
*Attorneys for Defendants*

Matthew Shayefar
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
matt@bostonlawgroup.com
*Attorneys for Defendants*

Courtesy Copy sent by electronic mail this same date to:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants*

By: /s/ Gina Murphy