**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, DBA Metart, DBA Sexart, a foreign corporation; HYDENTRA LP HLP GENERAL PARTNER INCORPORATED, DBA Metart, DBA Sexart, a foreign corporation,<br><br>             Plaintiffs-Appellants,<br><br> v.<br><br>SAGAN LIMITED, DBA Porn.com, a Republic of Seychelles company; et al.,<br><br>             Defendants-Appellees. | No.    17-16637<br><br>D.C. No. 2:16-cv-01494-DGC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 14, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and McKEOWN and GOULD, Circuit Judges.

Hydentra HLP Int. Ltd. and Hydentra LP HLP General Partner Incorporated (collectively, "Hydentra"), companies organized under the laws of the Republic of Cyprus and producers of pornographic material available to their online paid

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

subscribers, assert claims of copyright infringement against foreign defendants associated with the website Porn.com. Sagan Limited (resident of Seychelles), MXN Limited ("Cyberweb") (resident of Barbados), Netmedia Services, Inc. (resident of Canada), and David Koonar (resident of Canada) (collectively, "Sagan"), moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1] Reviewing de novo the district court's dismissal for lack of personal jurisdiction, we reverse. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Federal Rule of Civil Procedure 4(k)(2), the federal long-arm statute, authorizes a district court's exercise of personal jurisdiction over a defendant if (1) the claim arises under federal law; (2) the defendant is not subject to jurisdiction of any state court of general jurisdiction; and (3) exercising jurisdiction comports with due process. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007). As the district court noted, Sagan conceded that the first and second factors are satisfied.

The due process analysis under the third part of the federal long-arm statute "is nearly identical to traditional personal jurisdiction analysis," *id.* at 462, which

---

[1] The district court treated all defendants as owners or operators of Porn.com. Sagan admits that at least one defendant, Cyberweb, is an owner or operator of Porn.com. Personal jurisdiction is proper as to all owners or operators of Porn.com. On remand, the district court should determine which parties are owners or operators of Porn.com in addition to Cyberweb.

2

requires:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof . . . ; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Mavrix*, 647 F.3d at 1227–28 (emphasis in original) (quotation omitted). The key difference under the federal long-arm statute as compared to traditional personal jurisdiction analysis is that, "rather than considering contacts between the [defendant] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line Inc.*, 485 F.3d at 462.

The purposeful direction analysis is comprised of a three-parts "effects" test and requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix*, 647 F.3d at 1228 (quotation omitted). We agree with the district court that Hydentra demonstrated that Sagan allegedly committed an intentional act of copyright infringement and expressly aimed at the United States. However, the district court erred in its evaluation of the third part of the effects test. Giving weight to Hydentra's reasonable version of the facts, we conclude the record supports that Sagan allegedly caused harm that it likely knew would be suffered by Hydentra in the United States. *See id.* at 1223 ("Where, as here, the defendant's motion is based on

3

written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. . . . [W]e resolve factual disputes in the plaintiff's favor." (quotation omitted)).

As the district court correctly determined, Hydentra showed that Sagan committed an intentional act of alleged copyright infringement.  We have held that "[t]he economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." *Id.* at 1231.  Further, "[w]e have repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business," which Hydentra asserts is the United States. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011). Hydentra alleges that Sagan's unauthorized display of its copyrighted videos, which Hydentra makes available for a fee, resulted in lost profits and reputational damage, and that the majority of its revenue is generated in the United States. Thus, as we must construe all facts in Hydentra's favor, it is not unreasonable to infer that the foreseeable economic harm alleged would have been suffered in the United States.

Because the three parts of the purposeful direction "effects" test are met, we reach the other two prongs of the specific jurisdiction analysis. *Mavrix*, 647 F.3d at 1227–28.  We conclude that Hydentra met its burden of showing that its copyright infringement claims arise out of Sagan's forum-related activities.

4

Sagan failed to show that exercising jurisdiction would be unreasonable and violate due process.  *Id.* at 1228 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985) (commenting that once a plaintiff satisfies the first two prongs of the effects test, the burden shifts to the defendant to demonstrate that the exercise of jurisdiction is improper)).  The seven-factor balancing test that we use to "determin[e] whether the exercise of jurisdiction comports with 'fair play and substantial justice' and is therefore reasonable" weighs in Hydentra's favor.  *CollegeSource*, 653 F.3d at 1079.

**REVERSED AND REMANDED.**