Valentin D. Gurvits (admitted *Pro Hac Vice*)
Matthew Shayefar (admitted *Pro Hac Vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: (617) 928-1806
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Evan Fray-Witzer (admitted *Pro Hac Vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants Sagan Limited, MXN Ltd.,
Netmedia Services Inc. and David Koonar*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Hydentra HLP Int. Limited, a foreign corporation d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation d/b/a METART d/b/a SEXART,<br>    Plaintiffs,<br><br>vs.<br><br>Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN Ltd., a Barbados company, individually and d/b/a Porn.com; Netmedia Services Inc., a Canadian company, individually and d/b/a Porn.com; David Koonar, an individual; and John Does 1-20,<br>    Defendants. | Case No. CV-16-1494-PHX-DKD<br><br>**DEFENDANTS' MOTION FOR EVIDENTIARY HEARING IN SUPPORT OF MOTIONS TO DISMISS** |

## INTRODUCTION

This case returns to this Court following a remand from the Ninth Circuit Court of Appeals. In its Order, the Ninth Circuit reversed this Court's allowance of Defendants' Motions to Dismiss for Lack of Personal Jurisdiction, finding that: (a) because the matter had been resolved by this Court without an evidentiary hearing, Plaintiffs were required only to make a prima facie showing that there was a "plausible" case for the exercise of personal jurisdiction, which the Ninth Circuit believed Plaintiffs had done with respect to Defendant CyberWeb; and (b) this Court had not separately considered whether the other Defendants were "owners or operators" of the Porn.com website at issue in this case, requiring such an adjudication on remand.

Because the Ninth Circuit's Order will require this Court to further adjudicate the question of personal jurisdiction – and because Plaintiffs would, in any event, ultimately be required to prove the existence of personal jurisdiction by a preponderance of the evidence – this Court should, at this point, conduct an evidentiary hearing to determine if it has personal jurisdiction over *any* of the Defendants. Given that the Parties have stipulated that they have taken all of the jurisdictional discovery necessary, there is no benefit to either the Parties or the Court in delaying such a hearing and, to the contrary, resolving the issue conclusively at this point is in the interests of judicial economy. In further support of this motion, Defendants state as follows.

## ARGUMENT

In its order of remand, the Ninth Circuit Court of Appeals specifically stated that its ruling was premised on Defendant Cyberweb's acknowledgement that *it* was an owner or operator of the Porn.com website and that, with respect to the other Defendants, jurisdiction would only be proper (if at all) to the extent that the Court were to find that those Defendants were also owners

1 or operators of the Porn.com website. *Appellate Order*, p. 2, fn. 1. ("On remand, the district court

2 should determine which parties are owners or operators of Porn.com in addition to Cyberweb.")

3 As such, the Ninth Circuit's remand itself contemplates further adjudication by this Court with

4 respect to the issue of personal jurisdiction.

5 In its original order dismissing the case, however, this Court noted that, because the

6 question of personal jurisdiction was being decided without an evidentiary hearing, Plaintiffs

7 needed only to make a *prima facie* showing that jurisdiction existed and, additionally, that factual

8 disputes were to be resolved in the plaintiff's favor.

9 Ultimately, however, even when a court *initially* decides the question of personal

10 jurisdiction using the *prima facie* test, the Plaintiff is still required to prove the existence of

11 personal jurisdiction by a preponderance of the evidence – either at an evidentiary hearing or at

12 trial. *See, e.g., Metro. Life Ins. Co. v. Neaves,* 912 F.2d 1062, 1064 n.1 (9th Cir. 1990)

13 ("Ultimately, either at trial or in the evidentiary hearing, 'the plaintiff must demonstrate personal

14 jurisdiction by a preponderance of the evidence'"); *Cal. Offset Printers, Inc. v. Hampton Int'l Commc'ns, Inc.*, 1991 U.S. App. LEXIS 22890, at *1-2 (9th Cir. 1991)("When personal

15 jurisdiction is contested, the district court may hold a preliminary evidentiary hearing to resolve

16 disputed questions of fact. *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280,

17 1285 (9th Cir. 1977). 'In such a situation, where plaintiff is put to his full proof, plaintiff must

18 establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial'")

19

20 An evidentiary hearing is particularly appropriate where – as here – this Court initially found that the written submissions raised disputed issues of fact. *See, e.g., Moore v. ANG Transp.*

21 *Inc.,* 2019 U.S. Dist. LEXIS 111835, at *3 n.1 (E.D. Cal. July 3, 2019)("Where the pleadings and

22

2
DEFENDANTS' MOTION FOR EVIDENTIARY HEARING

other submitted written materials 'raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues.' … If there is an evidentiary hearing on the issue of personal jurisdiction 'plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial'")(quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

Indeed, even with respect to CyberWeb – the only defendant addressed in the Ninth Circuit's Order – the fact that the Ninth Circuit found that Plaintiffs had met their *prima facie* does not mean that Plaintiffs are entitled to proceed to trial, nor does it mean that a full evidentiary hearing would not be appropriate at this point in time. *See, e.g., Metro. Life Ins. Co., supra* ("If the plaintiff succeeds in meeting that prima facie burden, then the district court may still order an evidentiary hearing, …or the matter may be brought up again at trial")(citations omitted); *Artec Grp., Inc. v. Klimov*, 2017 U.S. Dist. LEXIS 150395, at *7 n.2 (N.D. Cal. Sep. 15, 2017)("Because Judge Whyte considered written materials only in conjunction with Axon"s motion to dismiss for personal jurisdiction, Artec simply had to make a prima facie showing of personal jurisdiction in order to defeat the motion. …This would not appear to preclude Axon from asking for a full evidentiary hearing on personal jurisdiction, at which time Artec would have to prove such by a preponderance of the evidence. *See id.*(noting that, if a plaintiff makes a prima facie showing, 'it does not necessarily mean that [the plaintiff] may then go to trial on the merits'; 'the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues,' and, '[i]n this situation, where plaintiff is put to his full proof, plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial'")(quoting *Data Disc, Inc., supra* at 1285); *Bulldog W. Equip. v.*

3
DEFENDANTS' MOTION FOR EVIDENTIARY HEARING

*Mapcon, Inc*, 2007 U.S. Dist. LEXIS 24928, at *26-27 (D. Ariz. Mar. 30, 2007)("If, following review of this order, Defendants remain convinced that Plaintiff cannot carry its evidentiary burden of establishing personal jurisdiction by a preponderance of the evidence, then Defendants may, by motion, properly request the court to permit discovery and/or an evidentiary hearing on the matter.")

Typically, of course, Courts may wait until the close of discovery to revisit the question of personal jurisdiction if they have initially ruled on the parties' written submissions.  In this case, however, where the Parties have all stipulated that all jurisdiction-related discovery is complete, there is no reason for the Court to wait until fact discovery is undertaken and, indeed, interests of judicial economy would counsel in favor of conducting the evidentiary hearing now, before the Parties are required to undertake costly fact discovery.  And, given that the Court would likely conduct such a hearing at this point for the non-CyberWeb defendants (pursuant to the Ninth Circuit's remand), it makes sense for the Court to permit an evidentiary hearing at this point in time for *all* of the Defendants.

## CONCLUSION

For the reasons stated hereinabove, Defendants respectfully request that this Court schedule an evidentiary hearing on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction at its earliest convenience.

Respectfully submitted,

| | |
|---|---|
| /s/ Valentin D. Gurvits | /s/ Evan Fray-Witzer |
| Valentin D. Gurvits (*Pro Hac Vice*) | Evan Fray-Witzer (*Pro hac vice*) |
| Matthew Shayefar (*Pro Hac Vice*) | CIAMPA FRAY-WITZER, LLP |
| BOSTON LAW GROUP, PC | 20 Park Plaza, Suite 505 |
| 825 Beacon Street, Suite 20 | Boston, Massachusetts 02116 |
| Newton Centre, Massachusetts 02459 | Telephone: (617) 426-0000 |
| Telephone: (617) 928-1806 | Facsimile: (617) 507-8043 |
| Facsimile: (617) 928-1802 | Evan@CFWlegal.com |
| vgurvits@bostonlawgroup.com | |
| matt@bostonlawgroup.com | |

*Attorneys for Defendants.*

### Certificate Pursuant to Court's Order (Docket No. 26)

Pursuant to the Court's Order dated January 6, 2017 (Docket No. 26), undersigned counsel hereby certifies that on September 4, 2019 he met and conferred by telephone with counsel for Plaintiffs to determine whether the Parties could narrow the issues raised by this motion.

/s/ Evan Fray-Witzer, Esq.
Evan Fray-Witzer, Esq.

### Certificate of Service

I hereby certify that on September 4, 2019, I electronically submitted the above document to the Clerk of the United States District Court, District of Arizona, using the online e-filing system.

/s/ Evan Fray-Witzer, Esq.
Evan Fray-Witzer, Esq.