LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP INT. Limited, a foreign corporation, d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation, d/b/a METART d/b/a SEXART, <br><br> Plaintiffs, <br><br> v. <br><br> Sagan, Ltd., a Republic of Seychelles company; MXN, Ltd., a Barbados Company; NetMedia Services, Inc., a Canadian Company; David Koonar, an individual, *et al.,* <br><br> Defendants. | Case No. CV-16-1494-PHX-DGC <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EVIDENTIARY HEARING** <br><br> (Before the Hon. David G. Campbell) |

Plaintiffs Hydentra HLP Int., Ltd. and Hydentra, L.P. HLP General Partner, Inc., each d/b/a METART and/or SEXART ("Hydentra") hereby respond to and oppose Defendants' recent motion seeking an evidentiary hearing (Doc. 69).

## INTRODUCTION

Overturning this Court's dismissal order, the Ninth Circuit Court of Appeals ruled that this Court has personal jurisdiction over the owners and operators of Porn.com, verifying Sagan is an owner/operator.  The Ninth Circuit's instructions on remand are for this Court to determine which of the remaining defendants are also owners or operators of the web site.  Since Defendants have admitted numerous times that Cyberweb is the

owner of Porn.com (Doc. 35 at 3, line 11; Doc. 35-2 at ¶2), the Court only needs to determine whether Netmedia and Koonar are deemed owners or operators, and thus subject to the jurisdiction of this Court.

Despite the clear instructions of the appellate court, Defendants now seek an evidentiary hearing regarding personal jurisdiction over all Defendants – seeking another proverbial "bite at the apple." (Dkt. 69, p 2, "*any* of the Defendants.") Not only do Defendants erroneously suggest that they are entitled to an evidentiary hearing on issues already decided by the Ninth Circuit, but they claim entitlement to this hearing **without conducting any further discovery**. Moreover, Defendants seek a determination of jurisdictional facts that are intertwined with the merits of the claims, like whether they committed an intentional act of copyright infringement and whether there was harm.[1] These arguments are properly left for trial.

Defendants are not wrong (conceptually) that an evidentiary hearing *can* be held; they are wrong that one *should* be held in this instance. First, facts which directly address the merits of Hydentra's case, which Defendants have woven into a jurisdictional defense, should be presented and determined *at trial*, not at a pretrial evidentiary hearing. Substantive discovery has yet to be conducted, and Hydentra has a right to conduct such discovery of such facts before a determination of those substantive issues. If the Court were to grant Defendants' motion, the net effect would be that the Court would rule on Defendants' actual copyright infringement without any relevant discovery being taken. Second, Defendants have failed to present any argument whatsoever that an evidentiary hearing will be productive, *i.e.,* that it would end in a different result.

In sum, it appears that Defendants' request for an evidentiary hearing is just a calculated move to avoid substantive discovery on the acts of infringement.

---

[1] The presence of foreseeable harm is predicated on intentional copyright infringement being found, and it speaks to the underlying merits of the case.

1

## MEMORANDUM

2

**A.      Defendants Intertwine Jurisdictional and Substantive Fact Issues.**

3       If the pleadings and other submitted materials raise issues of credibility or

4 disputed questions of fact with regard to jurisdiction, the district court has discretion to

5 take evidence at a preliminary hearing in order to resolve the contested issues.  In this

6 setting, a plaintiff will have to present full proof of facts and establish the jurisdictional

7 facts by a preponderance of the evidence.  *Data Disc, Inc. v. Systems Technology*

8 *Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977), *citing* 5 C. Wright & A. Miller,

9 Federal Practice and Procedure § 1373, at pp. 714-15 (1969); 4 J. Moore, Federal Practice

10 § 26.56[6], at p. 26-190 (1976); and *McNutt v. General Motors Acceptance Corp.,* 298

11 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936).  If not done at an evidentiary

12 hearing, the plaintiff would have to present proof of jurisdiction at trial.  *Id.*

13       On the other hand, where jurisdictional facts are intertwined with the merits, a

14 decision on the jurisdictional issues is dependent on a decision of the merits.  In such a

15 case, it is preferable that this determination be made at trial, where a plaintiff may present

16 his case in a coherent, orderly fashion and without the risk of prejudicing his case on the

17 merits. *Data Disc,* 557 F.2d at 1286, n. 2, *citing McBeath v. Inter-American Citizens for*

18 *Decency Committee,* 374 F.2d 359, 363 (5th Cir. 1967); *Schramm v. Oakes,* 352 F.2d 143,

19 149 (10th Cir. 1965); *Fireman's Fund Insurance Co. v. Railway Express Agency*, 253

20 F.2d 780, 784 (6th Cir. 1958); 5 C. Wright & A. Miller, Federal Practice and Procedure §

21 1350, at p. 558 (1969).  Where jurisdictional facts are enmeshed with the merits, the

22 district court may decide that the plaintiff should not be required in a preliminary

23 proceeding to meet the higher burden of proof associated with the presentation of

24 evidence at a hearing, but rather should be required only to establish a *prima facie*

25 showing of jurisdictional facts with affidavits and perhaps discovery materials.  *Data*

26 *Disc,* at 1286, n. 2, *citing Milligan v. Anderson*, 522 F.2d 1202, 1205 (10th Cir. 1975);

1  *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir.), *cert. denied*, 384 U.S.

2  919, 86 S. Ct. 1366, 16 L. Ed. 2d 440 (1966); *In re Equity Funding Corp. Securities*

3  *Litigation,* 416 F. Supp. 161, 178 (C.D.Cal.1976); *Ghazoul v. International Management*

4  *Services, Inc*., 398 F. Supp. 307, 309-10 (S.D.N.Y.1975); *Oxford First Corp. v. PNC*

5  *Liquidating Corp*., 372 F. Supp. 191, 192 n. 2 (E.D.Pa.1974).

6  Here, Defendants' assertions regarding jurisdiction mesh the jurisdictional facts

7  with the merits of Hydentra's substantive claims.  Specifically, Defendants argue, that the

8  "intentional act" analyzed by the *Calder* "effects test" is the allegation that Defendants

9  scraped Hydentra's videos from other web sites and posting them on Porn.com.[2]

10  Defendants submitted declarations denying these allegations.  Dkt. 35, p 8-9, 14-15; Dkt.

11  37, p 4; Dkt. 53, p 3-4; Dkt. 55, p 11.   Hydentra disagrees that the jurisdictional

12  "intentional act" analysis requires review of the allegation of scraping and posting videos.

13  Rather, for purposes of jurisdiction, the intentional act is the operation of the highly

14  interactive Porn.com site and its display in the United States.  Operation of a web site has

15  long been determined to be an intentional act under the *Calder* effects test.  *Brayton*

16  *Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1129 (9th Cir. 2010) ("operating a

17  passive website was an intentional act."); *Datatech Ent. LLC v. FF Magn at Ltd.*, No. C 12-

18  04500 CRB, 2012 WL 4068624, at *2 (N.D. Cal. Sept. 14, 2012) ("The intentional act

19  element is broadly construed and can be met by the mere operation of a website ....."))

20

21
22
23
24
25
26

[2] A three part test is used to determine specific personal jurisdiction:  (1) the non-resident defendant must purposefully direct his activities with the forum; (2) the claims must be related to the forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. be reasonable. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2994). The determination of whether a non-resident defendant "purposefully directed" his activities to the forum is analyzed under the *Calders* test: defendant must have (a) committed an intentional act, (b) expressly aimed at the forum, (c) which was reasonably foreseeable to caused harm in the forum. *Calder v. Jones*, 465 U.S. 783, 788-91, 103 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

1    Under the third element of *Calder,* where the "foreseeable harm" is felt, is one

2    where Defendants are more than likely to argue that "foreseeable harm" is predicated on

3    a finding of infringement.  Intentional copyright infringement results in foreseeable harm.

4    *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).   But,

5    contrary to Defendants' assertion, no discovery has been conducted on the substantive

6    issues or merits of the case.  Hydentra did **not** stipulate that "discovery was complete,"

7    but rather agreed to "seek no further *jurisdictional* discovery" upon agreement to use

8    jurisdictional discovery obtained in *AMA Multimedia LLC v. Sagan Limited, et al.,*

9    *Arizona District Court Cause No.* 2:16-cv-1269-PHX-DGC  in order to save all parties

10   costs and time in this matter.  The parties did not defer or make any agreements as to the

11   *substantive* discovery on the merits of the case/claims.[3]   Now that Defendants are

12   attempting to use the merits of the case as material jurisdictional defense, Hydentra

13   cannot be deemed to have waived discovery on the merits of the case, nor can Hydentra

14   be prohibited from such discovery to address these particular arguments in which

15   jurisdiction is intertwined with the merits of the case.

16   Nonetheless, this Court already focused on Defendants' analysis and expressly

17   looked at the allegation of scraping and display of Hydentra's videos as the intentional

18   act under the *Calder* effects test.  In its prior Order, this Court resolved the factual dispute

19   regarding scraping/displaying in favor of **Plaintiff/Hydentra**.  Dkt. 62, p 6.  And while

20

21   [3] Facts specific to copyright claims were *not* the source of jurisdictional discovery in
     *AMA v. Sagan* and could not have reasonably been expected to be there, or even here.  In

22   this matter, Defendants made multiple other allegations that were not present in the AMA
     litigation. *See, e.g.,* Dkt. 35, p 5-6, 20 (the operation Traffic Force as an uncontrolled ad

23   broker allowing advertising in the United States); Dkt. 36, p 3-4, Dkt. 37, p 3-4

24   (Netmedia serving 30,000 web sites, of which Porn.com comprised 6% of its work); Dkt.
     36, p 5 (a historic removal of 86 videos from Porn.com belonging to Plaintiffs).  None of

25   these issues could have been contemplated by the limited jurisdictional discovery in the

26   AMA litigation.

- 5 -

that determination speaks more to the underlying case than it does to jurisdiction, this Court acknowledged that it would be "premature" to rule on the substantive issues intertwined in the jurisdictional argument. *Id*. Yet, Defendants again ask this Court to hold a hearing "prematurely" and to rule on substantive issues by denying jurisdiction. Justice requires otherwise. Discovery can and should be conducted on substantive issues, including, for example: a forensic review of Defendants' servers, copies of Defendants' upload and download logs, and copies of Defendants' hosting companies' upload and download logs. Ultimately, because the issue whether Defendants scraped videos, (or obtained them in some other way in order to display on Porn.com) is a substantive issue regarding the merits of the claims, the Court should defer Hydentra's factual presentation of these issues until trial.

**B.      An Evidentiary Hearing is not Worthwhile or Justified at this Point.**

Based upon the Ninth Circuit Order/remand, this Court must also consider whether Defendants' request for an evidentiary hearing is worthwhile. The Ninth Circuit did not conclude that Hydentra had established *prima facie* evidence of personal jurisdiction; the Memorandum is clear that the Court found, *de novo,* that "personal jurisdiction is proper as to all owners or operators of Porn.com." (Noteworthy is that the Ninth Circuit did *not* predicate its ruling on a *prima facie* standard or resolution of factual disputes in favor of Hydentra.) That express finding does not require this Court to begin its analysis anew.

The parties clearly agree that the Ninth Circuit remanded this matter and that this Court must now determine "which parties are owners or operators of Porn.com…." But based upon the strength of the Ninth Circuit's Order and the clear instructions it provided, it is apparent that an evidentiary hearing would not be prudent at this point. There are no truly disputed jurisdictional facts, only disputed substantive facts. Defendants simply ignore any analysis of how or why an evidentiary hearing (even on a "preponderance" standard) would alter the determination of jurisdiction.

1   Any evidentiary hearing to determine jurisdiction over the owners and operators of

2   Porn.com is rendered moot.  The Ninth Circuit already resolved that issue definitively,

3   and the only remaining jurisdictional issue at this point is whether Netmedia and Koonar

4   are among the owners/operators of the web site.

## CONCLUSION

6   This matter has languished in pre-Answer motions for 22 months.  In nearly 2

7   years, Defendants have artfully avoided discovery on the **substantive** copyright

8   infringement claims.  Now they ask this Court to avoid discovery again, trying another

9   "bite" at dismissal based on jurisdictional arguments (without the benefit of discovery).

10  Defendants' entire request is based on its attempt to hamper Hydentra's case.  Defendants

11  cloak their defenses as being "jurisdictional," seeking to have the entire case dismissed

12  before Hydentra takes any actual, substantive discovery on their acts of infringement.

13  Jurisdiction has clearly been decided by the Ninth Circuit Court of Appeals, and

14  that Court indisputably ruled that jurisdiction lies for any and all owners and operators of

15  Porn.com.  Who the remaining owners/operators are (whether Netmedia and Koonar are

16  owners) and which Defendants engaged in copyright infringement are issues that are

17  inextricably intertwined with the merits of Hydentra's claims.  Thus, this Court should

18  defer the factual presentation on these issues for trial and rule on the jurisdictional claims

19  without an evidentiary hearing.

20  In the alternative, if this Court is inclined to grant Defendants an evidentiary

21  hearing, Hydentra respectfully seeks permission to engage in discovery on those factual

22  issues that are clearly intertwined with the substantive merits of the case.[4]

23

24

25  [4]  Hydentra is fearful that any denial of further discovery but granting an evidentiary
     hearing will lead to another appellate issue, as Hydentra will be substantially prejudiced
     if discovery is denied.  *See, e.g., Wells Fargo & Co. v. Wells Fargo Express Co.,* 556

26  F.2d 406, 430 n. 4 (9th Cir. 1977) (Denial of discovery created reversible error.)

1    DATED this 18th day of September, 2019.

2                                                  **MANOLIO & FIRESTONE, PLC**

3

4                                         By:    /s/ Veronica L. Manolio
                                                 Veronica L. Manolio
                                                 8686 E. San Alberto Drive, Suite 200
5                                                Scottsdale, Arizona 85258
                                                 *Attorneys for Plaintiffs*
6
                                                 **FREEMAN LAW FIRM, INC.**
7

8                                         By:    /s/ Spencer D. Freeman
                                                 Spencer D. Freeman
9                                                1107 ½ Tacoma Ave. South
                                                 Tacoma, Washington  98402
10                                               *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2019, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing.  Copies will be transmitted via CM/ECF to the following recipients:

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA  02116
Evan@CFWlegal.com
*Attorneys for Defendants*


Valentin D. Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
vgurvits@bostonlawgroup.com
*Attorneys for Defendants*


Matthew Shayefar
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
matt@bostonlawgroup.com
*Attorneys for Defendants*


By:   /s/ Janel Rubert