Valentin D. Gurvits (admitted *Pro Hac Vice*)
Matthew Shayefar (admitted *Pro Hac Vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: (617) 928-1806
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Evan Fray-Witzer (admitted *Pro Hac Vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants Sagan Limited, MXN Ltd.,
Netmedia Services Inc. and David Koonar*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Hydentra HLP Int. Limited, a foreign corporation d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation d/b/a METART d/b/a SEXART,<br>    Plaintiffs,<br><br>vs.<br><br>Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN Ltd., a Barbados company, individually and d/b/a Porn.com; Netmedia Services Inc., a Canadian company, individually and d/b/a Porn.com; David Koonar, an individual; and John Does 1-20,<br>    Defendants. | Case No. CV-16-1494-PHX-DKD<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION** |

DEFENDANTS' MOTION FOR RECONSIDERATION

# INTRODUCTION

On September 4, 2019, Defendants filed a Motion for Evidentiary Hearing in Support of their Motion to Dismiss for lack of personal jurisdiction. (Docket No. 69). On September 19, 2019, Plaintiffs filed their Opposition to Defendants' Motion. (Docket No. 70). And, while Plaintiffs acknowledged that "conceptually" Defendants were correct that it would be appropriate for the Court to order such a hearing (see, Plaintiffs' Opposition, p. 2), they argued that the Court should nonetheless deny Defendants' motion because, in this case, the remaining jurisdictional questions were so intertwined with substantive factual issues that the Court should defer a hearing and decision on the jurisdictional issues until the conclusion of all discovery. On February 10, 2020, this Court denied Defendants' Motion, presumably believing that Defendants agreed that the relevant issues were indeed intertwined. (Docket No. 71).

Plaintiffs' Opposition was entirely predicated upon two discrete issues that it claimed to be intertwined: (1) Defendants' alleged "scraping" of videos; and (2) the reasonable foreseeability of harm within the United States.

With respect to the first, although Plaintiffs are correct that the question might be intertwined, *on the face of their Opposition, it was clear that Plaintiffs had waived the relevance of the question entirely*. As a result, the issue had no relevance to Defendants' Motion. Moreover, Defendants never intended for the Court to revisit the alleged scraping issue in the proposed evidentiary hearing. Instead, it intended for the Court to address only the basis for the Ninth Circuit's reversal, namely its finding that Plaintiffs' allegations concerning reasonable foreseeability (a clearly non-intertwined issue) satisfy

the *prima facie* standard applied when a court rules on a Rule 12(b)(2) motion without an evidentiary hearing.

And, with respect to the second issue (which Plaintiffs raised only in passing in a footnote), while the issue *is* relevant, it is also quite obviously *not* intertwined. In other words, the intertwined issue was irrelevant and the relevant issue was not intertwined.

As such, and because the Court appears to have "overlooked or misapprehended" these legal and factual points resulting in a "clear error," Defendants respectfully move, in accordance with Local Rule 7.2(g), for reconsideration of Defendants' Motion for an Evidentiary Hearing. In further support of this Motion, Defendants state as follows.

## **ARGUMENT**

### **I.     Standard**

Defendants are well-aware that motions for reconsideration are "generally disfavored" by this Court and are not generally allowed absent "newly discovered evidence" or a showing that the Court "committed clear error." *Bayer v. Nationstar Mortg. LLC*, 2017 U.S. Dist. LEXIS 65821, at *1-2 (D. Ariz. May 1, 2017). *See*, *also*, Local Rule 7.2(g) ("Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court...."). In the present case, however, because Plaintiffs' Opposition – on its face – disproved and waived its own arguments concerning "intertwining" and because the Court appears to have overlooked or misapprehended Defendants' intent in bringing its motion (and, given the significant judicial economy that might be realized by granting the present motion), the

Court should reconsider its decision and grant Defendants' Motion for Evidentiary Hearing.

**II.     On its Face, Plaintiffs' Opposition Waived its Primary Claim of Intertwining.**

In their Opposition, Plaintiffs took the odd tack of first *claiming* that the primary way in which jurisdictional and substantive facts were intertwined was whether "scraping" constituted an intentional act, and then flatly *denying* that they were arguing (or had ever argued) that the alleged scraping was the intentional act alleged.

Because Plaintiffs' position is so at odds with the history of the present case (and a related case), a very brief recap might assist the Court. As this Court noted in its Order on Defendants' Motions to Dismiss (Docket No. 62, hereafter, the "Order"):

> In a previous case before this Court, involving the same plaintiffs' counsel and Defendants, the Court conducted this Rule 4(k)(2) jurisdictional analysis as to Defendant Sagan. *AMA Multimedia LLC v. Sagan Ltd.*, No. CV-16-01269-PHX-DGC, 2016 WL 5946051, at *3-8 (D. Ariz. Oct. 13, 2016) ("*AMA*").... In their motion, Defendants directly address the AMA decision, and contend that in this instance, "different facts, additional facts, and a different Plaintiff compel a different result."

*Id.* at 4.

Specifically – and as this Court discussed in the Order – while Defendants in the *AMA* case had failed to explicitly deny the allegations of scraping, Defendants here had done so:

> Unlike in AMA, where Sagan made no express argument denying that it engaged in the act of uploading of AMA's pirated videos, Defendants categorically deny Plaintiffs' allegations and insist that no such conduct has occurred.

*Id.* at 6.

4
DEFENDANTS' MOTION FOR RECONSIDERATION

This Court then went on to find that – with respect to the scraping activity – a factual dispute existed precluding dismissal:

> Defendants may well be correct, but that is a factual question premature for a decision. Because factual disputes are resolved in Plaintiffs' favor in this Rule 12(b)(2) motion, the Court will assume for purposes of this order that Defendants engaged in scraping to upload at least one of the infringing videos. This is a sufficient intentional act.

*Id.*

The alleged "scraping" was the ***only*** intentional act found by this Court. In reviewing this Court's Order, and with respect to the "intentional act" component, the Ninth Circuit simply affirmed this Court's conclusion that the alleged scraping, if proven, would constitute an intentional act. *See*, Memorandum, Docket No. 67-1, p. 4.

This, then, brings the Court back to Defendants' Motion for an Evidentiary Hearing. In opposing that motion, Plaintiffs insisted – for the first time and in direct contradiction of their previous filings with this Court[1] – that they were *not* asserting that the alleged scraping was, in fact, the relevant "intentional act." Plaintiffs' Opposition, Docket No. 70, p. 4 ("Hydentra disagrees that the jurisdictional 'intentional act' analysis requires review of the allegation of scraping and posting videos.").

---

[1] *See*, *e.g.*, Plaintiffs' Complaint, Docket No. 1, ¶¶ 57-59, 69; Plaintiffs' Opposition to Defendant Sagan, Ltd. and MXN, Ltd.'s Motion to Dismiss for Lack of Jurisdiction, Docket No. 38, p. 8 ("Sagan and Cyberweb's intentional acts are even clearer. As alleged in the Complaint, they sought Hydentra's videos on other streaming sites across the Internet, captured these videos, and then posted them on Porn.com disguised as third-party uploads.").

1  Instead, Plaintiffs claimed that "for purposes of jurisdiction, the intentional act is 2 the operation of the highly interactive Porn.com site and its display in the United States." 3 *Id.* at 4.

4  This Court erred, then, and committed an error of fact and law, by not taking 5 Plaintiffs at their word: while the issue of the alleged scraping would, indeed, have 6 involved an intertwined question of jurisdiction and liability, Plaintiffs themselves 7 explicitly disclaimed in their Opposition that they were making this argument to the 8 Court.

9  And, although Plaintiffs' change in position may open up a new *legal* question for 10 the Court – *i.e.*, whether the mere operation of a website accessible within the United 11 States constitutes an intentional act aimed at the United States – it does *not* present a 12 question of intertwined jurisdictional and liability facts best left for the close of fact 13 discovery.  Indeed, Plaintiffs' waiver of the alleged scraping as an "intentional act" 14 renders an evidentiary hearing on that point somewhat moot, allowing the Court to 15 simply find as a matter of law that Plaintiffs disclaimed reliance on the only fact found by 16 this Court to have supported a finding of an intentional act aimed at the forum.  This 17 would leave for the Court's consideration during an evidentiary hearing a single discrete 18 question, the resolution of which at this stage might obviate the need for any additional 19 proceedings, namely, whether Defendants could have reasonably foreseen harm within the 20 forum.  And, as is discussed in the next section, that question is clearly not one in which 21 jurisdictional and liability questions intertwine.

22

DEFENDANTS' MOTION FOR RECONSIDERATION

Accordingly, and because this Court overlooked or misapprehended the import of Plaintiffs' Opposition, Defendants respectfully request that the Court reconsider its denial of Defendants' Motion and grant an evidentiary hearing.

### III. Plaintiffs' Only Other Argument – Mentioned Primarily in a Passing Footnote – Does Not Actually Involve an Intertwined Issue.

Although Plaintiffs spent the vast majority of their Motion addressing the scraping issue that they then explicitly waived, they argue also – in passing and primarily in a footnote – that the question of foreseeable harm is somehow intertwined because "harm" is "predicated on intentional copyright infringement being found, and it speaks to the underlying merits of the case." Plaintiffs' Opposition, p. 2, fn. 2.

Preliminarily, Defendants had no reason to believe that this Court would seriously consider this secondary argument (if it indeed did), given the Court's disinclination to consider arguments raised only in a footnote.  *See*, *e.g.*, *CrossFit Inc. v. Martin*, 2017 U.S. Dist. LEXIS 154944, at *38 n.12 (D. Ariz. Sep. 22, 2017) (declining to consider "underdeveloped" argument raised only in a footnote); *Rascon v. Brookins*, 2018 U.S. Dist. LEXIS 20908, at *46 (D. Ariz. Feb. 8, 2018) (same).

In any event, it is understandable why Plaintiffs did not attempt to fully develop this "argument:" it is simply wrong, on its face, both factually and legally.  While it is true that the issue of "damages," generally is a substantive issue, the question of whether it was "reasonably foreseeable" that Plaintiffs would suffer damages within the forum is purely jurisdictional (*i.e.*, the question of reasonable foreseeability that damages would be

felt in the United States is not an element of any claim brought by Plaintiffs or any defense asserted by Defendants).

In its Order on the motions to dismiss, this Court found that Plaintiffs had failed to meet even their *prima facie* burden of proving that Plaintiffs, "as Cyprus corporations, were harmed in the United States, much less that harm to them in this country was foreseeable." Order, Docket No. 62, p. 10. *See*, *also*, Order, *generally*, pp. 9-12. This is the *only* area in which the Ninth Circuit disagreed with this Court, finding that the Plaintiffs' allegations were at least sufficient to clear the *prima facie* hurdle applicable when the Court decides the question of jurisdiction without an evidentiary hearing. *See* DE 67-1 at p. 4. And, it is this **purely jurisdictional** question alone that Defendants envisioned the Court would address in an evidentiary hearing.

As such, and because this Court overlooked or misapprehended the import of Defendants' Motion, Defendants respectfully request that the Court reconsider its denial of Defendants' Motion and grant an evidentiary hearing aimed at this discrete (and non-intertwined) jurisdictional issue.

## CONCLUSION

For the reasons stated hereinabove, Defendants respectfully request that the Court reconsider its denial of Defendants' Motion for Evidentiary Hearing.

Respectfully submitted,

/s/ Valentin D. Gurvits
Valentin D. Gurvits (*Pro Hac Vice*)
Matthew Shayefar (*Pro Hac Vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: (617) 928-1806
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*Pro Hac Vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

### Certificate Pursuant to Court's Order (Docket No. 26)

Pursuant to the Court's Order dated January 6, 2017 (Docket No. 26), undersigned counsel hereby certifies that on February 24, 2020 he met and conferred with counsel for Plaintiffs to determine whether the issues raised in this motion could be narrowed or resolved.

/s/ Evan Fray-Witzer, Esq.
Evan Fray-Witzer, Esq.

**Certificate of Service**

I hereby certify that on February 24, 2020, I electronically submitted the above document to the Clerk of the United States District Court, District of Arizona, using the online e-filing system.

/s/ Evan Fray-Witzer, Esq.
Evan Fray-Witzer, Esq.