**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP Int. Limited, et al., | No. CV-16-01494-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Sagan Limited, MXN Limited, Netmedia Services Incorporated, and David Koonar, | |
| Defendants. | |

On February 10, 2020 the Court issued an order denying Defendants' request for an evidentiary hearing. Doc. 71. Defendants, who did not file a reply brief addressing Plaintiffs' response to their request for a hearing, now move for reconsideration and make arguments they could have made in reply. Doc. 72. The Court will deny the motion.

**I. Governing Standard.**

Motions for reconsideration are granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such a motion will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008). Nor should reconsideration be used to ask the Court to rethink

its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

## II. Discussion.

Defendants contend that Plaintiffs have waived the argument that the alleged scraping activity in this case is an intentional act. Doc. 72 at 6. The Court does not agree. Plaintiffs merely stated that they disagree "that the jurisdictional 'intentional act' analysis *requires review* of the allegation of scraping and posting videos." Doc. 70 at 4 (emphasis added). The Court understands this to mean that the Court need not again review its decision (and the Ninth Circuit's agreement) that scraping is a sufficient intentional act. *See* Doc. 62 at 6.

Defendants also argue that an evidentiary hearing would be limited to whether they could have reasonably foreseen harm within the forum, and that this question is not intertwined with the merits. But the foreseeable harm inquiry will address whether Defendants committed an intentional act of copyright infringement that caused harm in the United States – a question intertwined with the merits of Plaintiffs' claims. When jurisdictional facts are intertwined with the merits of a case, it is preferable that a jurisdictional determination be made at trial "where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits." *See Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977); *Best Western Int'l Inc. v. Paradise Hospitality Inc.*, No. CV-14-00337-PHX-DGC, 2014 WL 4209246, at *5 (D. Ariz. Aug. 26, 2014).[1]

**IT IS ORDERED** that Defendants' motion for reconsideration is **denied**.

Dated this 26th day of February, 2020.

David G. Campbell
Senior United States District Judge

---

[1] Defendants suggest that the Court should not consider Plaintiffs' argument on foreseeable harm because it was raised in a footnote. Doc. 72 at 7. But Plaintiffs' expanded on this argument in the body of their response. *See* Doc. 70 at 5.

- 2 -