1    Valentin D. Gurvits (admitted *Pro Hac Vice*)
     BOSTON LAW GROUP, PC
2    825 Beacon St, Ste 20, Newton, MA 02459
     Tel: 617-928-1804 | Fax: 617-928-1802
3    vgurvits@bostonlawgroup.com

4    Evan Fray-Witzer (admitted *Pro Hac Vice*)
     CIAMPA FRAY-WITZER, LLP
5    20 Park Plaza, Ste 505, Boston, MA 02116
     Tel: 617-426-0000 | Fax: 617-423-4855
6    Evan@CFWlegal.com

7    Matthew Shayefar (admitted *Pro Hac Vice*)
     LAW OFFICE OF MATTHEW SHAYEFAR, PC
8    925 N La Brea Ave, West Hollywood, CA 90038
     Tel: 323-948-8101 | Fax: 323-948-8107
9    matt@shayefar.com

10    *Attorneys for Defendants*

11

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

12

| | |
|---|---|
| 13   Hydentra HLP Int. Limited, a foreign corporation d/b/a METART d/b/a SEXART; Hydentra, L.P. HLP General Partner, Inc., a foreign corporation d/b/a METART d/b/a SEXART, | Case No. CV-16-1494-PHX-DKD |
| 14 | |
| 15      Plaintiffs, | **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND** |
| 16   vs. | |
| 17   Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN Ltd., a Barbados company, individually and d/b/a Porn.com; Netmedia Services Inc., a Canadian company, individually and d/b/a Porn.com; David Koonar, an individual; and John Does 1-20, | |
| 18 | |
| 19 | |
| 20 | |
| 21      Defendants. | |

22

Defendants Sagan Limited, Cyberweb Ltd. (previously known as MXN Ltd.), Netmedia Services Inc., and David Koonar (hereinafter, "Defendants"), by and through their undersigned counsel, for their Answer to the Complaint of Plaintiffs Hydentra HLP Int. Limited and Hydentra, L.P. HLP General Partner, Inc. (hereinafter, "Plaintiffs"), herein state as follows:

## Jurisdiction and Venue

1.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

2.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

3.     Defendants admit only that Sagan Limited is a company organized and existing under the laws of the Republic of Seychelles and that Sagan Limited is an owner and an operator of the Porn.com website, which is an Internet website that displays adult oriented videos and photographs.  Defendants deny the remaining allegations of this paragraph.

4.     Defendants admit only that in September 2013, Sagan Limited filed an Interim Designation of Agent to Receive Notification of Claimed Infringement with the United States Copyright Office.  Defendants deny the remaining allegations of this paragraph.

Defendants' Answer to Complaint

5.      Defendants admit only that MXN Ltd. was a company organized in Barbados and that MXN Ltd. was an owner of the Porn.com website, which is an Internet web site that displays adult oriented videos and photographs.  Defendants deny the remaining allegations of this paragraph.

6.      Defendants admit only that MXN Ltd. purchased the domain name porn.com at auction in 2007 and that in 2014 MXN Ltd. filed a UDRP complaint.

7.      Defendants admit only that Netmedia Services Inc. is a company organized in Canada.  Defendants deny the remaining allegations of this paragraph.

8.      Defendants admit only that David Koonar is an individual residing in Windsor, Ontario, Canada.  Defendants deny the remaining allegations of this paragraph. Specifically, but without limitation, Defendants deny that at any relevant time David Koonar was intentionally (by Koonar or any other of the Defendants) listed as the registrant or administrator for the porn.com domain name at any relevant time.

9.      Defendants deny the allegations of this paragraph.

10.     Defendants deny the allegations of this paragraph.

11.     Defendants deny the allegations of this paragraph – the majority of viewers of Porn.com do not come from the United States.

12.     Defendants deny the allegations of this paragraph.

13.     Defendants deny the allegations of this paragraph.

14.     Defendants deny the allegations of this paragraph.

15.     Defendants deny the allegations of this paragraph.

16.     Defendants deny the allegations of this paragraph.

Defendants' Answer to Complaint

17.    The allegations set forth in this paragraph are ambiguous, and accordingly no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

18.    Defendants admit only that, at all relevant times, one agent of Sagan Ltd. traveled to a tradeshow in Arizona on behalf of Sagan Ltd.  Defendants deny the remaining allegations of this paragraph.

19.    Defendants deny the allegations of this paragraph.

20.    The allegations set forth in this paragraph are ambiguous, and accordingly no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

21.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

22.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

23.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

24.    This paragraph sets forth legal conclusions and questions of law to which no response is required, nor does it contain any allegations.  Accordingly, no responses are

Defendants' Answer to Complaint

deemed necessary.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

25.    This paragraph sets forth legal conclusions and questions of law to which no response is required, nor does it contain any allegations.  Accordingly, no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

26.    This paragraph sets forth legal conclusions and questions of law to which no response is required, nor does it contain any allegations.  Accordingly, no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

27.    This paragraph sets forth legal conclusions and questions of law to which no response is required, nor does it contain any allegations.  Accordingly, no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

**Parties**

28.    Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

29.    Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

Defendants' Answer to Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

30.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

31.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

32.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

33.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

34.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

35.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

36.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

Defendants' Answer to Complaint

37.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

38.     Defendants admit only that Sagan Limited is an owner and an operator of the Porn.com website and that Cyberweb Ltd. (previously MXN Ltd.) is an owner of the Porn.com website.  Defendants deny the remaining allegations of this paragraph.

39.     Defendants deny the allegations of this paragraph.

40.     Defendants deny the allegations of this paragraph.

41.     Defendants deny the allegations of this paragraph.

42.     Defendants admit only that Sagan Limited has appointed an agent to receive copyright take down notices.  The remainder of this paragraph sets forth legal conclusion and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the remaining allegations of this paragraph.  In answering further, Defendants explicitly state that they qualify for safe harbor protections under the Digital Millennium Copyright Act, to the extent applicable.

43.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

## **Statement of Facts**

44.     This paragraph sets forth legal conclusions, questions of law, and random speculation for which no response is required, nor does it contain any allegations to be

Defendants' Answer to Complaint

admitted or denied.  Accordingly, no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

45.   Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

46.   Defendants deny the allegations of this paragraph.

47.   Defendants deny the allegations of this paragraph.

48.   Defendants admit only that Cyberweb Ltd. makes available paid advertising spots of several forms on Porn.com to an advertising broker, which then sells such space to advertising purchasers who have the right to display whatever advertisements they choose, as long as the advertiser complies with the law and the broker's rules, in the space provided on the Porn.com website.  Defendants deny the remaining allegations of this paragraph.

49.   Defendants deny the allegations of this paragraph.

50.   Defendants admit only that videos on Porn.com may be shared on other sites through direct links to the Porn.com website, but deny the remaining allegations of this paragraph.

51.   The allegations in this paragraph are ambiguous and this paragraph sets forth legal conclusions and questions of law, to all of which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

52.   Defendants deny the allegations of this paragraph.

Defendants' Answer to Complaint

1    53.    Defendants deny the allegations of this paragraph.

2    54.    Defendants admit only that, in or about May of 2016, when the Complaint

3    was filed, that for users to access *any* videos on Porn.com in High Definition, they would

4    need to obtain a premium membership to Porn.com.  Defendants deny the remaining

5    allegations of this paragraph.

6    55.    Defendants admit only that, in or about May of 2016, when the Complaint

7    was filed, that for users to download *any* videos on Porn.com, they would need to obtain a

8    premium membership to Porn.com.  Defendants deny the remaining allegations of this

9    paragraph.

10    56.    Defendants deny the allegations of this paragraph.

11    57.    Defendants deny the allegations of this paragraph.

12    58.    Defendants deny the allegations of this paragraph.

13    59.    Defendants deny the allegations of this paragraph.

14    60.    Defendants admit only that registering as a standard member of Porn.com

15    was different from paying a membership fee to gain Premium access to Porn.com.

16    Defendants deny the remaining allegations of this paragraph.

17    61.    Defendants deny the allegations of this paragraph.

18    62.    The allegations set forth in this paragraph are ambiguous, and accordingly

19    no response is required.  But, to the extent a response is deemed necessary, Defendants

20    deny the allegations of this paragraph.

21    63.    Defendants deny the allegations of this paragraph.

22    64.    Defendants deny the allegations of this paragraph.

Defendants' Answer to Complaint

65.     Defendants admit only that the Porn.com website displayed the four works referenced in Exhibit A to the Complaint prior to the filing of the Complaint.  Defendants deny the remaining allegations of this paragraph.

66.     Defendants deny the allegations of this paragraph.

67.     This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

68.     This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

69.     Defendants deny the allegations of this paragraph.

70.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

71.     Defendants deny the allegations of this paragraph.

72.     Defendants admit only that, in or about May of 2016, when the Complaint was filed, that for users to download *any* videos on Porn.com, they would need to obtain a premium membership to Porn.com.  Defendants deny the remaining allegations of this paragraph.

73.     Defendants deny the allegations of this paragraph.

74.     Defendants deny the allegations of this paragraph.

Defendants' Answer to Complaint

**Count I**
**Copyright Infringement – 17 U.S.C. §§ 101 *et seq.***
**Against All Defendants**

75.    Defendants repeat and incorporate by reference their responses to the previous paragraphs as if set forth herein, and further respond as follows:

76.    Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

77.    Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

78.    Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph.  Furthermore, this paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

79.    Defendants deny the allegations of this paragraph.

80.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

81.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

82.    Defendants deny the allegations of this paragraph.

Defendants' Answer to Complaint

83.     Defendants deny the allegations of this paragraph.

84.     Defendants deny the allegations of this paragraph.

85.     Defendants deny the allegations of this paragraph.

86.     Defendants deny the allegations of this paragraph.

87.     Defendants deny the allegations of this paragraph.

88.     Defendants deny the allegations of this paragraph.

89.     Defendants deny the allegations of this paragraph.

90.     Defendants deny the allegations of this paragraph.

91.     This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

92.     This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

93.     This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

94.     This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

95.     This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

## Count II
## Contributory Copyright Infringement
## Against All Defendants

96.     Defendants repeat and incorporate by reference their responses to the previous paragraphs as if set forth herein, and further respond as follows.

97.     Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph.  Furthermore, this paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

98.     Defendants deny the allegations of this paragraph.

99.     Defendants deny the allegations of this paragraph.

100.    Defendants deny the allegations of this paragraph.

101.    Defendants deny the allegations of this paragraph.

102.    Defendants deny the allegations of this paragraph.

103.    Defendants deny the allegations of this paragraph.

104.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

Defendants' Answer to Complaint

105.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

106.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

107.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

108.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

109.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

**Count III**
**Vicarious Copyright Infringement**
**Against All Defendants**

110.    Defendants repeat and incorporate by reference their responses to the previous paragraphs as if set forth herein, and further respond as follows:

111.    Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph.  Furthermore, this paragraph sets forth

1  legal conclusions and questions of law to which no response is required.  But, to the extent

2  a response is deemed necessary, Defendants deny the allegations of this paragraph.

3       112.   Defendants deny the allegations of this paragraph.

4       113.   Defendants deny the allegations of this paragraph.

5       114.   Defendants deny the allegations of this paragraph.

6       115.   Defendants deny the allegations of this paragraph.

7       116.   This paragraph sets forth legal conclusions and questions of law to which no

8  response is required.  But, to the extent a response is deemed necessary, Defendants deny

9  the allegations of this paragraph.

10      117.   This paragraph sets forth legal conclusions and questions of law to which no

11 response is required.  But, to the extent a response is deemed necessary, Defendants deny

12 the allegations of this paragraph.

13      118.   This paragraph sets forth legal conclusions and questions of law to which no

14 response is required.  But, to the extent a response is deemed necessary, Defendants deny

15 the allegations of this paragraph.

16      119.   This paragraph sets forth legal conclusions and questions of law to which no

17 response is required.  But, to the extent a response is deemed necessary, Defendants deny

18 the allegations of this paragraph.

19                    **Count IV**
                **Inducement of Copyright Infringement**
20                  **Against All Defendants**

21      120.   Defendants repeat and incorporate by reference their responses to the

22 previous paragraphs as if set forth herein, and further respond as follows:

15
Defendants' Answer to Complaint

1    121.    Defendants deny the allegations of this paragraph.

2    122.    Defendants deny the allegations of this paragraph.

3    123.    This paragraph sets forth legal conclusions and questions of law to which no
4    response is required.  But, to the extent a response is deemed necessary, Defendants deny
5    the allegations of this paragraph.

6    124.    This paragraph sets forth legal conclusions and questions of law to which no
7    response is required.  But, to the extent a response is deemed necessary, Defendants deny
8    the allegations of this paragraph.

9    125.    This paragraph sets forth legal conclusions and questions of law to which no
10   response is required.  But, to the extent a response is deemed necessary, Defendants deny
11   the allegations of this paragraph.

12   126.    This paragraph sets forth legal conclusions and questions of law to which no
13   response is required.  But, to the extent a response is deemed necessary, Defendants deny
14   the allegations of this paragraph.

15   127.    This paragraph sets forth legal conclusions and questions of law to which no
16   response is required.  But, to the extent a response is deemed necessary, Defendants deny
17   the allegations of this paragraph.

18   128.    This paragraph sets forth legal conclusions and questions of law to which no
19   response is required.  But, to the extent a response is deemed necessary, Defendants deny
20   the allegations of this paragraph.

21

22

Defendants' Answer to Complaint

### General Denial

Each and every allegation of the Complaint not specifically admitted is hereby denied.

### Affirmative Defenses

1.     The allegations and claims in the Complaint fail, in whole or in part, to state a claim upon which relief may be granted.

2.     The Complaint is barred, in whole or in part, by the doctrine of copyright misuse.  Specifically, but without limitation, Plaintiffs' filing of this case, putative strategies for protecting their putative copyrights, general litigation strategies and intentional disregard of the Digital Millennium Copyright Act (including the rights and safeguards it afford to both copyright owners and internet service providers) show a clear intent by Plaintiffs to use their copyrights for a purpose other than which they were intended.  Specifically, but without limitation, Plaintiffs are using their copyrights and this lawsuit (along with a score of other lawsuits they have filed around the country) to extract settlement payments from innocent parties like Defendants, instead of working within the structures of the Digital Millennium Copyright Act to properly protect their copyrights.  On information and belief, over the past five years, Plaintiffs have filed over a dozen near-identical litigations in various courts seeking not to protect their legitimate rights, but rather because they seek to use the harassment value of such litigations as a way to secure lucrative settlements from defendants.  Plaintiffs' actions in failing to follow the DMCA's takedown process or work cooperatively with defendants to ensure

Defendants' Answer to Complaint

the removal of allegedly infringing materials are not the actions of rightsholders looking to legitimately protect their interests.  Additionally, on information and belief, Plaintiffs made no effort to consider whether the individuals who posted the materials to the Porn.com website were protected by the doctrine of fair use.

3.    The Complaint fails, in whole or in part, and Plaintiffs are barred from equitable relief, by the doctrine of unclean hands.  Specifically, but without limitation, Plaintiffs' filing of this litigation, putative strategies at protective their putative copyrights, trademarks and business, general litigation strategies, and intentional disregard of statutory and judicial law (including the rights and safeguards afforded to both intellectual property owners and internet service providers) show a clear intent by Plaintiffs to use their intellectual property rights and the legal system for purposes other than which they were intended.  Specifically, but without limitation, plaintiffs are using their intellectual property rights, the court system, and this lawsuit (along with other lawsuits filed around the country) to extract settlement payments from innocent parties like Defendants, instead of working within the structures of law to properly protect their rights.

4.    Defendants are entitled to a defense of fair use and, as such, the Complaint, in whole or in part, fails.  Any use of Plaintiffs' putative copyrighted works constituted fair use under 17 U.S.C. § 107 (to the extent applicable).  In addition, Plaintiffs have failed to properly consider whether the individuals posting to the Porn.com website were entitled to do so under the doctrine of fair use.

5.      The Complaint must fail, in whole or in part, because any alleged acts of infringement, which Defendants deny, occurred entirely outside of the United States of America.

6.      The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent.  Specifically, but without limitation, to the extent that Defendants participated in the alleged infringement of Plaintiffs' intellectual property rights, which Defendants deny, such infringement was unintentional and without knowledge, and therefore Defendants are either not liable for such infringements or the damages that may be obtained against Defendants are limited.

7.      The Complaint is barred, in whole or in part, because any damages to Plaintiffs were not the proximate result of Defendants' actions or omissions.  Specifically, but without limitation, Defendants engaged in no conduct or omissions which resulted in any damages to Plaintiffs which were a natural, direct and uninterrupted consequence of Defendants' actions or omissions.  To the contrary, to the extent Plaintiffs suffered any damages, which Defendants deny, such damages were as a result of the actions and omissions of third parties (e.g., those individuals who allegedly uploaded Plaintiffs' works).

8.      Plaintiffs are not entitled to injunctive relief because they have not suffered irreparable harm.  Specifically, but without limitation, to the extent that Plaintiffs have suffered any harm, which Defendants deny, any such harm can be fully remedied by monetary damages only.

Defendants' Answer to Complaint

9.      Plaintiffs cannot recover damages from Defendants to the extent that damages alleged by Plaintiffs are speculative or uncertain.  Specifically, but without limitation, Plaintiffs cannot with any certainty demonstrate that they lost any actual profits from the alleged infringement or that Defendants made any profit attributable directly to the alleged infringement.

10.     Plaintiffs cannot recover damages from Defendants to the extent that Plaintiffs failed to mitigate their alleged damages.  Specifically, but without limitation, to the extent that Plaintiffs failed to promptly report any alleged infringement at issue in this litigation they learned about on the Porn.com website, and therefore allowed such alleged infringements to stay on the website, Plaintiffs failed to mitigate their alleged damages. Defendants further state that Plaintiffs knew that the owners and operators of the Porn.com website would remove allegedly infringing material promptly upon notice, given that on occasions in the past Plaintiffs (or their agents) had provided such notifications and the allegedly infringing material on the website were removed in an expeditious manner.  Moreover, Plaintiffs knew of, or should have known of, the proprietary watermark program implemented on the Porn.com website that would limit any infringing works appearing on the website, but Plaintiffs intentionally failed to take part in such program.

11.     Plaintiffs have failed to comply with the requirements of the Digital Millennium Copyright Act, to the extent applicable, and, as such, the Complaint must fail in whole or in part.  Specifically, but without limitation, Defendants are entitled to the safe harbors of the Digital Millennium Copyright Act and Defendants are not liable for

Defendants' Answer to Complaint

monetary relief or injunctive relief (except as explicitly provided therein) unless the conditions of the Digital Millennium Copyright Act have been met, including, without limitation, that Plaintiffs first notify Defendants of a claimed infringement and afford the proper time for Defendants to respond to such notification.  In addition, Plaintiffs failed to consider the fair use doctrine before sending takedown notices and/or initiating the present litigation.

12.     Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act, to the extent applicable, and, as such, the Complaint must fail in whole or in part.  Specifically, but without limitation, the necessary Defendants have, *inter alia*, registered an agent with the copyright office for the receipt of takedown notices, do not know of any specific instances of infringement on the website and when they receive knowledge or notification of infringement work expeditiously to remove such instances, accommodate and do not interfere with standard technical measures to protect copyrights, have adopted, reasonably implemented, and informed users of a repeat infringer policy, and do not receive financial benefit directly attributable to any allegedly infringing material.

13.     The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of Defendants, nor within Defendants' reasonable control.  Specifically, but without limitation, if any material was available on the Porn.com website infringed upon Plaintiffs' rights, they were not made available by Defendants and could not be reasonably controlled by Defendants.  Accordingly, the actions and omissions of Defendants do not constitute direct infringement.

14.     Defendants' actions and omissions were lawful, justified and privileged. Specifically, but without limitation, Defendants acted at all times in accordance with law including, to the extent applicable, the Digital Millennium Copyright Act, and therefore cannot be liable for claims of copyright infringement.  Furthermore, Defendants cannot be liable for the actions and omissions of the users of the websites, who are third parties not controlled by Defendants.

15.     The Complaint fails, in whole or in part, because Defendants lacked the necessary volition required to state a claim for direct copyright infringement. Specifically, but without limitation, because Defendants themselves did not make available any of the allegedly infringing works on the website, but on the contrary such works were uploaded by third parties, Defendants cannot be liable for direct copyright infringement.

16.     Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Defendants or for any alleged single wrong.  Specifically, but without limitation, Plaintiffs have alleged multiple alternative theories of liability against Defendants for the same single alleged wrong, and Plaintiffs are not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

17.     The Complaint is barred, in whole or in part, on the basis of the statute of limitations.

Defendants' Answer to Complaint

18.     Plaintiffs are not entitled to statutory damages and/or attorney fees to the extent that the works alleged to have been infringed were not timely and/or properly registered.

19.     Plaintiffs cannot proceed on their claims against Defendants to the extent that the works alleged to have been infringed were not timely and/or properly registered.

20.     The Complaint is barred, in whole or in part, for lack of standing.

21.     The Complaint is barred, in whole or in part, on the basis that any protectible expression covered by any of Plaintiffs' purported copyrights would have been *de minimis*.

22.     The Complaint is barred, in whole or in part, on the basis that any alleged infringement was *de minimis*.

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent upon discovery of further information concerning Plaintiffs' claims.

### **Defendants Demand a Trial by Jury on All Claims so Triable**

### **Prayer for Relief**

**WHEREFORE**, Defendants pray that the Court award the following relief:

A.     That judgment enter for Defendants and against Plaintiffs on each of the Counts of the Complaint;

1         B.      That the Court find Defendants to be "prevailing parties" in a copyright

2  action and accordingly award Defendants their reasonable costs and attorneys' fees; and

3         C.      That the Court award Defendants such other relief the Court deems to be

4  just.

5

6  Dated: March 20, 2020

7  Respectfully submitted,

8  <u>/s/ Valentin D. Gurvits</u>             <u>/s/ Evan Fray-Witzer</u>
    Valentin D. Gurvits (*pro hac vice*)    Evan Fray-Witzer (*pro hac vice*)

9  BOSTON LAW GROUP, PC        CIAMPA FRAY-WITZER, LLP
    825 Beacon Street, Suite 20       20 Park Plaza, Suite 505

10  Newton Centre, Massachusetts 02459  Boston, Massachusetts 02116
    Tel: 617-928-1804 | Fax: 617-928-1802  Tel: 617-426-0000 | Fax: 617-423-4855

11  vgurvits@bostonlawgroup.com     evan@CFWlegal.com

12  <u>/s/ Matthew Shayefar</u>
    Matthew Shayefar (*pro hac vice*)

13  LAW OFFICE OF MATTHEW
    SHAYEFAR, PC

14  925 N La Brea Ave
    West Hollywood, California 90038

15  Tel: 323-948-8101 | Fax: 323-948-8107
    matt@shayefar.com

16

17

18

19

20

21

22

Defendants' Answer to Complaint

1

**Certificate of Service**

2        I hereby certify that, on the below date, I electronically submitted the above

3   document to the Clerk of the United States District Court, District of Arizona, using the

4   online e-filing system.

5   Dated: March 20, 2020                     /s/ Matthew Shayefar
                                              Matthew Shayefar

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22